WILLIAM NULL, PLAINTIFF IN ERROR, V. REBECCA JONES
AND OTHERS, DEFENDANTS IN ERROR.

1. **Pleading**: DEMURRER TO AMENDED PETITION. In determining whether a demurrer should be sustained to an *amended petition*, which covers the entire ground of the original, and takes its place, the court will not look beyond the pleading against which the demurrer is directed.

2. ———: The fact that the amended petition predicates the right to recover upon a fact which did not exist when the original petition was filed, is not ground of demurrer.

3. ———: Where facts which have arisen since the bringing of the action, and therefore could be properly brought into the case by a supplemental petition, are included in the amended petition, it is no ground of demurrer, but should be taken advantage of, if at all, by motion.

4. **Mortgage**: FORECLOSURE AGAINST ESTATE OF DECEDENT. Under our statute an action to foreclose a mortgage executed by the deceased in his lifetime, may be brought and prosecuted to final judgment within the time fixed by the court for the payment of debts by the administrator.

5. ———: ———. Such mortgage is not barred, as to the property which it covers, by a failure to present it to the court for allowance as a claim against the estate.

6. ———: ———. But unless so presented the holder is confined to the mortgaged property, and cannot share in the general assets of the estate.

ERROR to the district court for Gage county. Tried below before WEAVER, J. The case is stated in the opinion.

*Mason & Whedon*, for plaintiff in error.

The position that the holder of a note secured by mortgage upon real estate must prove his claim before the administrator, is untenable. Sec. 2, Washburne on Real Property 232. *Slaughter v. Foust*, 4 Blackford, 379. *Shirkey v. Hanna*, 3 Blackford, 403. *Harvey v.*

*Thornton*, 14 Ill., 217. But our statute and the decisions of this court expressly authorize the foreclosure of the mortgage. Sec. 227 Gen. Statutes, 320. *Watson v. McCartney*, 1 Neb., 133, Sec. 855. Gen. Statutes, 655.

In this case it is admitted that the installments of interest were due when suit was commenced, and for that a decree could have been taken; it could have been no objection to the pleading that the plaintiff prays for more than he was entitled to, he was entitled to a decree for what the facts stated showed was then due, and the present amended petition shows the whole sum was due, and the demurrer should have been overruled. *Lansing v. Capron*, 1 Johns. Ch., 617. *Everitt v. Huffman*, 1 Page Ch., 648. *Ontario Bank v. Strong*, 2 Page, 303. *Adams v. Essex*, 2 Barb., 144. *Smith v. Shuler*, 12 Sargt. & Rawle, 240.

*W. H. Ashby*, for defendant in error, cited *Ellis v. Polhemus*, 27 Cal., 350. *Pitte v. Shipley*, 46 Id., 154. *Basse v. Gallegger*, 7 Wis., 442.

Lake, Ch. J.

This is a petition in error from Gage county, and the main question presented by the record is whether the amended petition states a good cause of action.

The action was brought against the administrator and heirs of Samuel Jones to foreclose a mortgage given by him on the 4th day of July, 1871, to secure the payment of a promissory note of that date for the sum of $4,200.00, on the 4th day of July, 1874, with interest thereon at the rate of twelve per cent. per annum, payable annually. The mortgage contained a clause to the effect that in case of any default in the payment of any installment of interest as it became due, for the period of thirty days, the whole sum thereby secured should, at the

option of the mortgagee, his heirs or assigns, become immediately due and payable.

On the 30th of October, 1872, the first installment of interest not having been paid within the time limited, the plaintiff commenced an action to foreclose for the whole amount secured by the mortgage.

The case seems to have rested in this condition until after the note by its terms fell due, when an amended petition, the one now under consideration, was filed. This petition declares, as is usual on a mortgage demand past due, without reference to the fact of delinquency in the payment of the first year's interest, which was the sole ground upon which a recovery of the principal was demanded by the original petition.

The defendants contend that this petition is demurrable for two reasons. *First:* In not alleging that the plaintiff gave notice to the mortgagor, or his representatives, of his election to exercise his option and declare the whole debt due. *Second:* In not containing an allegation to the effect that the claim had been presented, as the statute directs, for allowance and payment by the administrator out of the assets in his hands.

The *first* of these questions is not raised by the record. In deciding whether the demurrer should be sustained, we cannot look beyond the pleading against which it is directed. This objection might have been urged to the original petition had it not been entirely superseded by the amendment which completely ignored the failure to meet the interest as it fell due, and sought to recover on the ground alone that the note had then fully matured.

The plaintiff, by a proper motion, might have been held in his amended petition to a statement of the facts as they existed at the commencement of the suit; if this had been done, and the defendants' position be correct, nothing beyond the interest then due could have been recovered, and a foreclosure to that extent only could

have been decreed, unless other installments of interest, or the principal if it had become due, had been brought into the case by a supplemental petition. This was the rule in chancery practice. *King v. Longworth*, 7 Ohio, 585. And it has not been changed by the code practice. *Glenn v. Hoffman*, 2 Western Law Monthly, 599. Sec. 149 Code of Civil Procedure. For these reasons we abstain from the expression of an opinion on the first question.

The second ground on which it is claimed that the petition is defective cannot be sustained. Cases were cited, particularly that of *Harp v. Calahan*, 46 Cal., 222, which holds to the rule contended for by defendants' counsel. But we apprehend the statutes under which they were made were very different from our own. At all events we do not consider them applicable to our act concerning the settlement of the estates of decedents.

Section 227, page 320, of what are known as the " General Statutes," very clearly recognizes the right of a creditor, whose claim is secured by mortgage, to institute a foreclosure suit thereon and carry the same forward to final decree, at any time during the settlement of the estate, while an ordinary creditor of the estate is prohibited from commencing an action on his claim " until the expiration of the time limited by the court for the payment of the debts."

Again, section 99, page 294, of the same statutes, expressly provides that " all sales and conveyances of land made by executors  *   *   *   *   *   shall be subject to all charges thereon by *mortgage* or otherwise, existing at the time of the death of the testator or intestate," etc. And the purchaser at a sale of such property is required, by the same section, to give a bond to protect the estate against any such mortgage or lien.

We are not aware that we have any statute authorizing an executor or administrator to sell lands discharged of

such an incumbrance, and out of the proceeds of the sale to first satisfy the debt secured thereby; but the holder of such a claim is left to proceed according to his own will to enforce payment out of the property bound therefor.

It is evident that section 226, which provides that all claims "against a deceased person, proper to be allowed by the judge or commissioners," which shall not be exhibited to them for allowance within the time limited by the court, "shall be forever barred," was not intended to apply to claims secured by mortgage, unless the holder expects to look to the assets in the hands of the executor or administrator for payment. The legislature could not have intended that the mere failure of the holder of a claim, secured by mortgage duly recorded, to present the same for allowance, should bar him of his action against the security.

We are of the opinion, however, that if such a claim be not exhibited for allowance, the holder is confined to the property covered by his mortgage, and cannot, should that prove insufficient for that purpose, resort to the general assets for payment.

For these reasons we think the amended petition stated a good cause of action, and the demurrer should have been overruled.

The judgment is reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.