LEONARD W. COLBY, PLAINTIFF IN ERROR, v. GEORGE W. PLACE AND NATHANIEL HERRON, SHERIFF OF GAGE COUNTY, DEFENDANTS IN ERROR.

1. **Mortgage:** PURCHASE AFTER DECREE: EXTENSION OF TIME OF PAYMENT. L. W. C. purchased certain real estate subject to a decree of foreclosure. After the purchase the mortgagor and mortgagee entered into a contract that upon the payment by the mortgagor of a portion of the amount due on the decree, the time of payment of the remainder was to be extended for more than one year, the rate of interest being increased from 10 to 12 per cent. In an action by the purchaser to have the land declared free from the mortgage on account of the extension of time, *Held*, that the mortgaged property was the primary fund for the payment of the decree, and not a mere surety.

2. ———: INTEREST. The mortgaged estate was not liable for a greater rate of interest than ten per cent.

ERROR to the district court for Gage county.   Tried below before WEAVER, J.

*Colby & Hazlett* and *Charles O. Bates*, for plaintiff in error.

Property pledged as security or occupying the position of surety is discharged under similar circumstances to those which discharge an individual surety, and anything which will discharge an individual surety will discharge such property.   Brandt on Suretyship and Guaranty, 21, 23.   *Gahn v. Niemcewicz*, 11 Wend., 324.   *Niemcewicz v. Gahn*, 3 Paige Ch., 614.   1 Hilliard on Mortgages, 494.   *Fry v. Shehee*, 55 Georgia, 208.   4 Wait's Actions and Defenses, 584.   *Coyle v. Davis*, 20 Wis., 568.   The effect of the agreement for extension of the time of payment of the mortgage debt, and for a new rate of interest, was to work a *novation* of said debt, and all persons and securities liable under the original contract and not parties to the new agreement were discharged thereby.   2 Parsons on Contracts, 18.   *Union Life Insurance Co. v. Bell*, 35 Ohio State, 365. *Bishop v. Busse*, 69 Ill., 403.   *Mather v. Butler County*, 28 Iowa, 253.   *Ayres v. Watson*, 37 Penn. State, 360.

*Pemberton & Forbes* and *A. H. Babcock*, for defendants in error, cited Bouv. Law Dict., Title "Novation."   2 Jones on Mortgages, secs. 924, 983.   *Cross v. District Township*, 14 Iowa, 28.   1 Jones on Mortgages, secs. 736, 737.   *Maher v. Lanfrom*, 86 Ill., 513.   *Fuller v. Hunt*, 48 Iowa, 163.   *Thompson v. Thompson*, 4 Ohio St., 333, 349.   Wade on Notice, sec. 11.   *Whittacre v. Fuller*, 5 Minn., 508.

MAXWELL, CH. J.

This is an action to enjoin a decree of foreclosure. The petition states in substance that on the twenty-

sixth day of October, 1874, Alured N. Wiswell and wife, being the owners of lots one and two in block number seven, in the city of Beatrice, executed a mortgage on said lots to George W. Place, to secure the sum of $1,000 with interest. That thereafter at the May term, 1878, of the district court of Gage county, a decree of foreclosure was rendered on said mortgage for the sum of $1,151.19 and costs. That thereafter the said Alured N. Wiswell and wife conveyed said premises by warranty deed to one Royal Wiswell, and that thereafter, on the sixteenth day of November, 1878, said Royal Wiswell, in consideration of the sum of $3,000, conveyed said premises by a warranty deed to the plaintiff. A copy of the deed is attached to and made a part of the petition. The covenants in the deed are as follows: "And we hereby covenant with the said L. W. Colby that we hold said premises by good and perfect title; that we have good right and lawful authority to sell and convey the same; that they are free and clear from all liens and incumbrances whatsoever, excepting the mortgage below mentioned, and we covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever, excepting a mortgage for $1,000 given by A. N. Wiswell to G. W. Place, which has been foreclosed, and in which a decree has been rendered in the district court of said county."

The petition also alleges that on the twenty-eighth day of November, 1878, George W. Place, being the owner of the decree of foreclosure, entered into an agreement with Alured N. Wiswell and wife, whereby a stay of the order of sale was had for the period of one year from the first day of February, 1879, upon condition that said Wiswell should pay $500 on said decree prior to January 1st, 1879, and that the remainder of the decree should draw interest at the rate of 12 per

cent per annum, instead of 10 per cent as stated in the decree, and also that said Wiswell should keep said premises insured in favor of Place against loss by fire; that said agreement was entered into without the consent of plaintiff, and that at that time said Wiswell was solvent and able to pay all his debts, but since that time he has become wholly insolvent, etc. That on the tenth day of May, 1880, the defendant Place caused an order of sale to be issued on said decree, and delivered to the sheriff of said county, requiring him to sell said premises to satisfy the amount remaining due on said decree, etc. The plaintiff therefore prays for a decree declaring said premises discharged from the lien of said mortgage and enjoining a sale of the same." A demurrer to the petition was sustained in the court below and the action dismissed. The plaintiff brings the cause to this court upon a petition in error.

The agreement extending the time of payment is attached to the petition as an exhibit, and made a part of it, and is as follows:

"It is hereby stipulated and agreed by and between the parties plaintiff and defendant in this action as follows, to-wit: It is agreed that a stay of execution and order of sale upon the decree heretofore rendered in this cause be had for the period of one year from the first day of January, 1879, and that the time shall be extended for the payment of said decree from (to) the first day of January, 1880. The balance of said decree remaining unpaid to draw interest at the rate of 12 per cent per annum from February 1, 1879, until paid; provided, however, and the above stay of the decree is only upon the condition that the said defendants shall pay, or cause to be paid, on said judgment and decree the sum of five hundred dollars on or before the first day of January, 1879, and the said defendants shall further have and keep the house situated on the

premises described in said decree insured against damage or loss by fire, said policy of insurance providing that in case of loss or damage said insurance money shall be payable to the plaintiff to an amount not exceeding said decree. The amount of said policy to be not less than $1,500. If the said defendant does not fully comply with the terms of this agreement then the agreement of the said plaintiff for stay of order of sale herein shall be void and of no force, virtue, or effect.

"Dated this 28th day of November, A.D. 1878.

"GEO. W. PLACE, plaintiff,

"By HARDY & SOMERS, his attorneys.

"ALURED N. WISWELL AND

"MARY J. WISWELL, defendants,

"By COLBY & HAZLETT, their attorneys."

The exhibits attached to the petition and made a part of it, show that the $500 was paid and the insurance effected as provided in the agreement.

The plaintiff contends that by reason of the extension of the time of payment of decree, the lien of the mortgage upon the premises in question is divested, and he is entitled to hold the same free from such incumbrance. In other words, that the mortgage is a mere security for the payment of the debt of the mortgagors, and that the property is liable only as surety for them. Without determining the validity of the agreement in question, signed as it is merely by the attorneys of the parties, of which the plaintiff was one, or of the exceptions of the mortgage debt in the covenants in the deed, no questions being raised thereon, we will proceed at once to the inquiry whether or not the land is held merely as surety for the payment of the decree. Where an ordinary judgment is recovered the law requires "that of the goods and chattels of the debtor he (the sheriff) cause to be made the

money specified in the writ, and for want of goods and chattels he cause the same to be made of the lands and tenements of the debtor," etc.    Code, sec. 483.    But this rule does not apply to a decree of foreclosure.

Section 848 of the code provides that "after such petition (to foreclose) shall be filed, while the same is pending, and after the decree thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court."    After a decree of foreclosure is rendered the mortgaged estate becomes the primary fund for the payment of the mortgage debt.    And upon the principle that the land mortgaged is the primary fund for the satisfaction of the mortgage, it has been held that if the mortgagee at the request of the heirs delay proceedings in foreclosure until the land depreciated in value, and the administrator had applied the whole of the personal estate to the payment of other debts, the loss must be sustained by the creditor unless he can be indemnified out of other lands belonging to the heir.    *Johnson v. Corbett,* 11 Paige, 272.    In this state the mortgagee cannot be compelled to file his claim against the estate of the mortgagor and share in the general distribution of the assets, but may at once on his mortgage becoming due, institute an action of foreclosure thereon.    *Null v. Jones,* 5 Neb., 500.    *Jones v. Null,* 9 Id., 57.    It is very clear that the real estate in controversy is the primary fund for the payment of the decree, and not merely surety for the payment of the same.    This is decisive of the case.    If relief was sought against the excess of interest over ten per cent, the plaintiff in a proper case would be entitled to relief, as the agreement between the mortgagor and mortgagee cannot have the effect of extending the lien of the decree so as to affect a purchaser of the equity of redemption.    But such

relief is not sought in this case, and as the petition fails to state a cause of action, the judgment must be affirmed.

JUDGMENT AFFIRMED.