MARTHA SKINKLE, APPELLANT, v. JASPER HUFFMAN ET AL., APPELLEES.

FILED JUNE 15, 1897. No. 7341.

1. **Subrogation.** The right of subrogation does not exist in favor of the holder of a second mortgage to the prejudice of the paramount lien.

2. ———: MORTGAGES: PAYMENT BY JUNIOR MORTGAGEE. A second mortgagee, who, for the protection of his own security, pays an installment due on the first mortgage, will, to the extent of such advancement, as against the mortgagor, be subrogated to the rights of the holder of the first mortgage, and may, upon payment by the mortgagor of the balance due on the prior mortgage, enforce by action his lien for the amount so advanced.

APPEAL from the district court of York county. Heard below before WHEELER, J. *Reversed.*

*F. C. Power,* for appellant.

*G. W. Bemis, contra.*

POST, C. J.

This was an action by the appellant, Martha Skinkle, in the district court for York county upon an interest coupon of a prior mortgage paid by her in order to protect her own security. Appellant, on the 23d day of February, 1891, in an action then pending in said court in which Melintus H. Kealiher and wife were defendants,

secured the entry of a decree foreclosing her second mortgage. The first mortgage for $2,000 executed by Kealiher and wife to the Connecticut Mutual Life Insurance Company (hereafter called the insurance company) not having matured, said company was not made a party to that action. Subsequent to the decree in appellant's favor, coupon No. 4 of the first mortgage matured, and the amount thereof, to-wit, $120, was paid by her, for her own protection, and said coupon, duly canceled, was by the holder delivered to her. The mortgaged property was thereafter sold by the Kealihers to the appellee Damerin, who, as part consideration therefor, assumed and paid the amount of appellant's decree, also the principal and interest of the first mortgage which had in the meantime matured. This action was thereupon brought by appellant, in which Damerin and the Kealihers were made defendants, and in which she alleged as her cause of action the payment of the coupon as hereinbefore stated, and that the said Damerin purchased with full notice of the fact that said coupon had not been paid by the Kealihers, and that the appellant had been compelled to pay and satisfy the same in order to protect her security. The prayer was for an accounting of the amount due on said coupon, a decree adjudging the same to be a first lien upon the mortgaged premises, and for general relief. The defendants above named answered denying the material allegations of the petition, in addition to which Damerin alleged the payment to the Kealihers in full for the mortgaged property without notice of appellant's equities in the premises. The district court, upon a final hearing of the cause, found specially that the Farmers & Merchants Bank of York, which acted as Damerin's agent in the purchase of the mortgaged premises, had notice at the time of said transaction that said coupon was then held by the appellant, and that she claimed a lien for the amount thereof upon said property; also that appellant had previously left said coupon with said bank for collection and the same was for said pur-

pose held by the bank before and at the time of payment
of the purchase price of the land to the Kealihers. Judg-
ment was awarded in the appellant's favor against the
Kealihers for the amount of the coupon and interest.
There was also a decree in favor of Damerin, dismissing
appellant's petition, and from which this appeal is prose-
cuted.

The real question is, as will be observed from the fore-
going statement, whether appellant, upon the facts as
found, is entitled to be subrogated to the rights of the
insurance company with respect to the coupon paid by
her. The right of subrogation exists, as a rule, in favor
of a creditor who has paid the amount of a mortgage or
other incumbrance in order to protect his own subordin-
ate lien. (*Bohn Sash & Door Co. v. Case,* 42 Neb., 281;
*South Omaha Nat. Bank v. Wright,* 45 Neb., 23; *Seieroe v.
Hohman,* 50 Neb., 601.) Appellees, while conceding the
proposition above stated, argue that it can have no appli-
cation to the facts of this case, since, as they contend,
payment of the entire debt is essential to the right of
equitable subrogation, whether in favor of a surety, or
the holder of a subordinate lien. Subrogation, it is set-
tled, both upon reason and authority, will not, except in
case of estoppel, be allowed to the prejudice of other
rights. This principle was recognized in the leading case
of *Kyner v. Kyner,* 6 Watts [Pa.], 221, holding that sub-
stitution of one creditor for another will be denied so long
as the debt, or any part thereof, remains unsatisfied, be-
cause, as held therein, until the creditor shall be wholly
satisfied, there ought, and can be, no interference with his
rights or his securities which might, even by a bare pos-
sibility, prejudice or embarrass him in any way in the
collection of the residue of his claim. (See, also, *Forrest
Oil Co.'s Appeals,* 118 Pa. St., 138; *Graff's Estate,* 139 Pa.
St., 69; *Coson v. Laney,* 82 Tex., 317; *Swigert v. Bank,* 17
B. Mon. [Ky.], 268; *Carter v. Neal,* 24 Ga., 346; *Receivers
v. Wortendyke,* 27 N. J. Eq., 658; *Rice v. Morris,* 82 Ind.,
204.) But the doctrine of the cases cited has, in every

instance, been invoked for the protection of the creditor, and never, so far as we are advised, to defeat contract obligations in the interest of the debtor alone. Thus understood, the exception requiring payment in full of the debt as a condition precedent to the right of subrogation, is as firmly established as the rule itself. Cases are, however, not wanting directly in point, and in which subrogation has been allowed between parties occupying towards each other the relation of cosureties and the like upon the payment of a part only of the debt. (See *Comins v. Pottle*, 35 N. J. Eq., 94; *Gede v. Matson*, 25 Beav. [Eng.], 310; *Kelly v. Kelly*, 54 Mich., 30; Sheldon, Subrogation, sec. 128.) We conclude, from an examination of the subject in the light of authority, that appellant is entitled to be subrogated to the right of the insurance company with respect to the coupon in question. The decree in favor of the defendant Damerin is accordingly reversed and the cause remanded, with directions to enter decree in accordance with the prayer of the petition.

REVERSED.