CATHERINE ROUSE, APPELLANT, V. HENRY WITTE ET AL.,
APPELLEES.

FILED APRIL 10, 1908.   No. 15,021.

1. **Deeds: VALIDITY.** A deed executed and acknowledged, but without
an attesting witness, is valid between the parties.

2. **Acknowledgment: IMPEACHMENT.** Evidence examined, and found
insufficient to impeach the certificate of acknowledgment of a
justice of the peace attached to a deed of real property.

APPEAL from the district court for Saline county:
LESLIE G. HURD, JUDGE. *Affirmed.*

*J. H. Broady* and *Lafe Burnett,* for appellant.

*Charles A. Robbins, contra.*

CALKINS, C.

Prior to April 28, 1869, Joseph Rouse was the owner
of a quarter section of land in Saline county, and on said
day he executed a deed conveying said premises to one
John Frederick Witte, the defendant's father and gran-
tor. The plaintiff Catherine Rouse was the wife of
Joseph at the time of the execution of said deed, which
purports to be signed by her mark and acknowledged by
her. In 1903 Joseph Rouse died leaving him surviving
the said Catherine Rouse, his widow, who afterwards
brought this action to recover her dower in the said lands,
claiming that she had never in fact joined in the execu-
tion of the deed to Witte. There was a trial to the judge
of the district court, and a finding and judgment for
the defendants, from which the plaintiff appeals.

1. The original deed from Rouse to Witte is in the
record. The scrivener used a printed blank prepared for
use in the state of Missouri. Two forms of acknowledg-
ment were printed on this blank, one for the acknowledg-
ment of a single person, and the other for the acknowledg-
ment of a husband and wife, containing a certificate that

the latter, being made acquainted with the contents of the deed on examination apart from her husband, acknowledged that she relinquished her dower in said premises, conveyed freely and without compulsion or undue influence of her husband. Both certificates were filled out, the first containing the name of Joseph Rouse, and the second the name of Joseph Rouse and his wife Catherine, and both were certified by the justice. The instrument purports to be signed with the autographic signature of Joseph Rouse, while the name of Catherine Rouse is written in what appears to be the handwriting of the justice of the peace, with a cross between the Christian and surname and the word "her" over and the word "mark" under the cross. The name of the justice of the peace appears on the copy before us as an attesting witness, and three fifty-cent internal revenue stamps are attached, canceled April 28, 1869. This instrument was twice recorded—on May 10, 1869, and again on March 15, 1880. Neither the internal revenue stamp nor the signature of the justice as a witness appeared upon the record made May 10, 1869, but this record in other respects is the same as the one made in 1880, in which the deed before us is accurately copied. It is contended that the omission from the record made in 1869 of the name of the attesting witness tends to show that the signature of the attesting witness was not attached until about the time of the record made in 1880. The presumption that the first recording was correctly done might obtain, if it were not for the fact that the internal revenue stamps upon the deed were omitted. The difficulty of securing these stamps in 1880, long after the law requiring their use had been repealed, renders it extremely improbable that these stamps were affixed at a later date, and the fact that the register in recording the deed omitted these stamps greatly weakens the presumption that the deed was in all particulars correctly copied as it then existed. But we regard the question whether the attesting wit-

ness affixed his signature before or after the first record-
ing as immaterial. A deed is good between the parties
without an attesting witness. *Pearson v. Davis,* 41 Neb.
608. If the plaintiff signed and acknowledged the deed
she is bound thereby, whether there was an attesting wit-
ness or not, and if she neither signed nor acknowledged
it she is not bound thereby, even if the magistrate signed
his name as witness at the time of the execution thereof.

2. Section 3, ch. 73, Comp. St. 1907, provides that the
acknowledgment must be made or proved, if in this state,
before a judge or clerk of any court or some justice of
the peace or notary public therein. Section 13 of the
same chapter provides that "every deed acknowledged
* * * and certified by any of the officers above named,
* * * may be read in evidence without further proof."
but that such certificate shall not be conclusive but may
be rebutted by any party affected thereby. There also
exists in favor of this deed the presumption accorded to
documents over 30 years old, which is stated to be that,
where any document purporting or proved to be 30 years
old is produced from any custody which the judge in the
particular case considers proper, it is presumed that the
signature and every other part of such document which
purports to be in the handwriting of any particular per-
son is in that person's handwriting, and, in the case of a
document executed or attested, that it was duly executed
and attested by the persons by whom it purports to be
executed and attested, and the attestation or execution
need not be proved, even if the attesting witness is alive
and in court. Stephens, Digest of Evidence, art. 88; 1
Greenleaf, Evidence (16th ed.), sec. 575*b*. The question
therefore presented is whether the evidence produced on
the part of the plaintiff is sufficient to overcome these
legal presumptions. It is generally held that the evi-
dence to impeach the certificate of an acknowledgment
must be clear and convincing, and that as a general rule
the unsupported testimony of the party purporting to
have made the acknowledgment is insufficient to over-

come the officer's certificate. *Pereau v. Frederick,* 17 Neb. 117; *Phillips v. Bishop,* 35 Neb. 487; *Council Bluffs Savings Bank v. Smith,* 59 Neb. 90. On her direct examination the testimony of the plaintiff was as follows: "Q. Now, Mrs. Rouse, did you ever sign away your right of dower or your interest in that land? A. No, sir. On rebuttal she was recalled and testified as follows: Q. Look at this instrument and see if you ever saw that (showing witness deed). A. No, sir; not that I know of. Q. This is a deed. Look at that signature here made by mark. Did you ever make that? A. No, sir. Q. Is that th way you sign your name? A. No, sir.; 'a' in place of 'e'. Q. You don't sign your name so? A. Not with an 'a'. Q. How do you spell your name. A. 'C-a-t-h-e-r-i-n-e.' Q. 'C-a-t-h-e-r-i-n-e'? A. Yes, sir; I see this is signed with an 'a'. Q. Did you ever sign this instrument in that way—did you make that mark? A. No, sir; I did not." This is all the testimony of the plaintiff upon the question of her signature to the deed. She testifies that she and her husband moved away from this property in about 1869, but she does not tell what she remembers of the sale by her husband, whether she was present when her husband signed the deed or knew of its being executed by him. She does not tell whether she was acquainted with the justice of the peace who certifies that she acknowledged the execution of the deed or whether she ever had any conversation with him on the subject, and utterly fails to deny the essential fact of his certificate that she acknowledged the execution of the deed. If it were true that she went with her husband and saw him execute the deed, and saw the justice write her name upon it and touched the pen while he make the mark, according to the usual custom where a person signs by mark, and acknowledged to the justice that it was her voluntary act and deed, she might still testify as she did and satisfy her conscience, for she denies none of the above acts. True, she says that she didn't make the mark, but she, being illiterate, might not have understood that,

in contemplation of law, she made her mark by touching the pen held and directed by another. Assuming her veracity, her denial is inconclusive and unsatisfactory.

It is, however, argued that she is corroborated by circumstances. As we have already seen, the deed as recorded in 1869 did not appear to be witnessed or stamped, and the signature of the attesting witness and the internal revenue stamps attached to such deed first appeared in the second record, made in 1880. The evidence tends to show that about this time the defendants endeavored to get a new deed from the plaintiff and her husband, which the latter signed, but which the plaintiff refused to execute. Being pressed upon her examination as to what reason the defendants gave for wanting a new deed, she finally admitted that it was because the old deed was not witnessed. It is argued by the plaintiff that this act of the defendants was an admission which tends to corroborate the plaintiff's testimony. If it were material whether the deed was witnessed in the first instance, such a statement would have been relevant as tending to show that the deed was not so witnessed, but it is not an admission and does not tend to show that the plaintiff did not in fact sign and acknowledge the deed. The defendants were neither of them the original grantee, and it is not shown that they had any personal knowledge of the original transaction, and the fact that they attempted to get a new deed when they discovered an apparent defect in the record title does not amount to an admission on their part nor tend to show that the deed was not in fact signed and acknowledged. There is some testimony that the plaintiff was able to write, and this is urged as rendering it improbable that she should have signed by a mark. The testimony that she could write comes from herself and the members of her family, and does not purport to show that she did so with any degree of ease or facility. She admits that for the last few years she has signed her pension vouchers with a mark. No specimen of her writing was produced except her

signature to the petition and the verification thereof, the original of which is in the record. This signature appears to have been painfully achieved with great difficulty. It certainly does not appear that she writes with sufficient facility to render it improbable that she would, in executing a deed, have signed with a mark. The district judge had the opportunity to see and hear the witnesses testify in person, and he found against the plaintiff. An independent examination of the record leads us to the same conclusion, and we are satisfied that his decision was correct.

We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.