FIRST STATE BANK OF ST. EDWARD, APPELLEE, V. SVEN NIKLASSON: NEWMAN GROVE STATE BANK, APPELLANT.

FILED MARCH 28, 1928. NO. 25558.

*H. Halderson,* for appellant.

*O. M. Needham* and *Kemp & Brower, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Thompson and Howell, JJ., and Redick, District Judge.

Redick, District Judge.

Action of foreclosure. This action was brought by the First State Bank of St. Edward, hereafter referred to as the St. Edward bank, against Sven Niklasson et al., defendants, to foreclose a second mortgage upon certain lands in Platte county. The first mortgage for $10,000 is not in controversy and the holder thereof is not a party. The Newman Grove State Bank, hereafter referred to as the Newman Grove bank, was made defendant and filed its answer, a general denial, and a cross-petition setting up a third mortgage in the sum of $2,235.60; and the defendant Smith National Bank filed an answer and cross-petition setting up a judgment against defendant Niklasson for the sum of $2,731.15 and costs. Trial resulted in a decree foreclosing the two mortgages and declaring the mortgage of plaintiff a first lien in the sum of $6,767.65, a second lien in favor of the Newman Grove bank for $3,101.42, and a third lien in favor of the Smith National Bank for $3,836.07, all subject to the first mortgage above mentioned. The Newman Grove bank appeals, and the only contest is between it and the plaintiff as to the existence of plaintiff's lien, the amount thereof, and its priority over that of the Newman Grove bank.

The original petition was filed July 6, 1925, to which the mortgagors filed an answer admitting the signature of the note and mortgage, but alleging that the same was usurious because of the fact that the note and mortgage bore 10 per cent. interest from date and required the mortgagor to pay all taxes and assessments levied upon said mortgage and note. Said answer also set up that the premises were

the homestead of the defendants, that the mortgage was acknowledged by the cashier of the plaintiff bank, who was also a stockholder therein, and that said mortgage was not properly witnessed. The answer and cross-petition of the Newman Grove bank also presented the three defenses just mentioned and, further, that the plaintiff held other security for its debt in the way of a chattel mortgage for the sum of $750 upon eight head of horses belonging to defendant Niklasson, and requesting a marshalling of assets requiring the plaintiff to first exhaust its chattel security. The answer further alleged that on July 13, 1925, defendants Niklasson executed a quitclaim deed of the mortgaged premises to the plaintiff, that said deed was recorded August 20, 1925, and that thereby the parties to said deed intended that plaintiff's mortgage should be merged therein, and that said plaintiff's debt had been fully paid. The plaintiff replied to said cross-petition, and admitted the execution of the note and mortgage of the Newman Grove bank, denied that the premises were the homestead of the Niklassons, denied that the cashier, J. L. Carter, who took the acknowledgement of plaintiff's mortgage, was a stockholder in plaintiff's bank, admitted the execution of the quitclaim deed, but denied that it was taken in settlement or discharge of plaintiff's mortgage or that the mortgage was merged in said deed, admitted it held a chattel mortgage, as alleged, upon eight horses, but alleged that two of said horses had been sold for $150 and the amount credited upon defendant's note, and that upon execution of said deed the mortgage upon the remainder of said horses had been released to the mortgagor. Upon the filing for record of the quitclaim deed above mentioned, plaintiff filed a dismissal with prejudice as to Sven and Augusta Niklasson of his action to foreclose.

Upon this record a number of questions are presented, three of which may be disposed of very briefly: (1) The cashier, Carter, is not shown to have been a stockholder in the St. Edward bank, and therefore, was competent to take the acknowledgment of and witness the mortgage

to that bank; (2) the evidence fails to show that the premises in question was the homestead of the Niklassons, and (3) the evidence shows that the mortgage was properly witnessed.

Several questions remain for consideration:

1. Whether the mortgage of the St. Edward bank was merged in the title conveyed by the quitclaim deed. Ordinarily, when a lesser and a greater estate in the same land unite in one person, the former is extinguished and becomes merged in the latter; but in equity the question of merger depends upon the intention of the parties, and in absence of direct evidence or circumstances indicating such intention, when other liens or rights have intervened between the prior lien and the deed, it will be presumed that the intention of the prior lienholder was to preserve it as against such intervening claims. *Citizens State Bank v. Petersen,* 114 Neb. 809; *Wyatt-Bullard Lumber Co. v. Bourke,* 55 Neb. 9. The evidence in this case is insufficient to establish an intention of the mortgagee that the mortgage should merge in the title, and therefore the lien of plaintiff's mortgage was not subordinated to that of the Newman Grove bank; the latter mortgage was made expressly subject to that of plaintiff, and plaintiff is entitled to hold his lien for the protection of his title as against the mortgage of the Newman Grove bank.

2. The original petition of the St. Edward bank contained an allegation that the defendant Niklasson defaulted in the payment of interest upon the first mortgage of $10,000, and that for the purpose of protecting its security plaintiff paid said interest in the sum of $666.79, taking an assignment of the coupon evidencing the same, and claimed the right to add said amount to its mortgage. This was allowed by the district court and included in the amount found due the plaintiff. We think this was error. The mortgage of plaintiff provided that, if the mortgagors should fail to pay the taxes on said land or to have the improvements thereon insured, the plaintiffs might pay the same and add the amount thereof to the mortgage debt,

but contained no provision for the payment of interest upon the first mortgage. Furthermore, plaintiff had dismissed his action of foreclosure as to the Niklassons with prejudice, and therefore no action was pending for that purpose. If the action could be deemed still pending as a foreclosure of the first mortgage by the assignee of the coupon, the petition is defective for want of an allegation that no proceedings at law had been had for the collection thereof, and facts showing such a breach of conditions of the prior mortgage as give a right to foreclose the same. *United States Trust Co. v. Miller, ante,* p. 25. Furthermore, the dismissal was without reservation and carried with it the claim upon the coupon. We are therefore of the opinion that the plaintiff's lien should be reduced by the amount allowed on this item, to wit, $726.99.

3. It is contended by the Newman Grove bank that the plaintiff should be required to exhaust its chattel mortgage security before being allowed to foreclose its mortgage upon the real estate, or that its lien should be reduced to the extent of the value of such chattel security. It appears that upon execution of the quitclaim deed the plaintiff released its chattel security, and the question is whether, under the doctrine of marshalling of assets, it should be required to credit the value thereof as against the claims of the Newman Grove bank. We have held, contrary to defendant's contention, in *Ocobock v. Baker,* 52 Neb. 447, that, in the absence of notice by the junior lienholder that he would require the senior to first exhaust the property not covered by the junior lien, a release of the latter property from the senior lien would not subrogate the junior lien to a first lien upon the property covered by both liens. See, also, 26 Cyc. 935b, where it is said: "In any case the prior incumbrancer is entitled to notice of the existence of the junior claim, and of the intention of the junior creditor to compel the former to make his election in compliance with this principle." No such notice was here given prior to the release of the chattel mortgage.

4. The further contention of defendant that the note

and mortgage of St. Edward bank was usurious cannot be sustained, for the reason that the defense of usury is personal to the debtor, his privies and sureties. *Building & Loan Ass'n v. Walker,* 59 Neb. 456; *Male v. Wink,* 61 Neb. 748. By the execution of the quitclaim deed the Niklassons waived the defense of usury so far as the mortgaged property was concerned, and the Newman Grove bank cannot make it, as it is neither a privy nor surety.

We conclude that the judgment of the district court is without error except as to amount of the lien of St. Edward bank, and with that exception is affirmed. With respect to the lien of said bank, the judgment is reversed and cause remanded, with instructions to correct the decree by fixing the amount of said lien at $6,040.56 with interest as provided in the decree.

AFFIRMED IN PART, AND REVERSED IN PART.