A. E. ALLYN, APPELLEE, V. JOSEPH DREHER ET AL., APPELLEES: HARRY E. BOWMAN, RECEIVER, APPELLANT.

FILED FEBRUARY 10, 1933. No. 28607.

*Stiner & Boslaugh* and *Edmund P. Nuss*, for appellant.

*Harry F. Russell, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, DAY and PAINE, JJ., and RAPER, District Judge.

ROSE, J.

This is a suit in equity involving the foreclosure of three mortgages on a quarter section of land in Adams

county and requiring a ruling on a claim by the holder of the third mortgage for a lien ranking with the first mortgage by virtue of interest payments thereon. Mortgagor had no defense and did not appear. The controlling facts pleaded and shown by the evidence are not in dispute.

October 1, 1922, mortgagor executed in favor of Clarke-Buchanan Company, hereinafter called "mortgagee," three mortgages, the first for $6,500, the second for $1,000, and the third for $325. The liens attached separately at different times and remained of record in the order named. The first mortgage secured a bond for $6,500, due December 1, 1927, and 10 interest notes payable semiannually, each for $162.50. The 6,500-dollar bond and interest notes were assigned by mortgagee to A. E. Allyn, plaintiff, without recourse, May 1, 1923. An agreement extending the time for payment of the principal to December 1, 1932, and ten new notes for semiannual payments of interest, each for $162.50, were dated November 1, 1927, and executed by mortgagor, who had paid the interest to June 1, 1927, but thereafter paid neither principal nor interest. Mortgagee paid to plaintiff the interest on the notes which mortgagor failed to pay, eight in all, which matured prior to December 1, 1931, but did not pay the interest then due or make any subsequent payment of interest or principal. These eight interest notes for $162.50 each were surrendered by plaintiff to mortgagee uncanceled and unindorsed.

In an answer to the petition of plaintiff for a foreclosure of the first mortgage, mortgagee pleaded that it paid the interest notes to plaintiff to protect the lien of its third mortgage; that to the extent of such payments of interest it was entitled to be subrogated to the rights of plaintiff and to a lien equal in rank to the lien of the first mortgage.

The second mortgage for $1,000 was assigned by the mortgagee to Hastings College with payment guaranteed. Later the time for payment of the principal was extended

to December 1, 1932. On this debt mortgagee paid Hastings College interest in the sum of $220, which, with interest on the payments so made, amounted to $286.22, for which a lien was sought. The third mortgage was retained by mortgagee. In the foreclosure suit the interests of each mortgage holder were pleaded, with a prayer for equitable relief. In the litigation Harry E. Bowman represented mortgagee as receiver.

Upon a trial of the issues the district court ordered foreclosure; established the liens in the order stated; directed distribution of the proceeds of sale accordingly; found that mortgagee paid plaintiff interest voluntarily in the sum of $1,691.90, including interest on the interest notes from maturity, but denied a lien for the interest so paid; held that mortgagee paid Hastings College interest voluntarily in the sum of $286.22, including interest on the payments of interest, but denied a lien for the interest so paid. Mortgagee appealed.

The ruling that interest payments by mortgagee to plaintiff and to Hastings College were voluntarily made is challenged as erroneous and inequitable. In this respect error is obvious. The contract to pay interest was the obligation of mortgagor, but after June 1, 1927, he did not pay the interest as the instalments fell due. His defaults, when made, except for the payments by mortgagee, would then have entitled plaintiff to a foreclosure. To protect the lien of the third mortgage, mortgagee made payments of interest on prior mortgages, but thereby did not intend to discharge the debts or existing liens for unpaid interest as to mortgagor and did not give him credit for such payments or surrender to him any paper evidencing payment of any part of his indebtedness. Self-interest prompted mortgagee to protect its subordinate lien by paying interest and preventing foreclosure of prior liens. Under the circumstances the payments of matured instalments of interest by mortgagee to prior lienors were not voluntary in the sense that they discharged liabilities of the debtor. It is well-settled law

that the holder of a subordinate mortgage may pay a superior lien to protect his own lien and be subrogated to the rights of the prior incumbrancer to the extent of the payment, where equity requires such relief. *Seieroe v. Homan,* 50 Neb. 601; *Skinkle v. Huffman,* 52 Neb. 20; *United States Trust Co. v. Miller,* 116 Neb. 25; *First State Bank v. Niklasson,* 116 Neb. 713.

The principal question presented by the appeal, however, is raised by the controverted issue that mortgagee is entitled to a lien equal in rank to the lien of the first mortgage for the amount of the eight payments of interest to plaintiff. The affirmative view of this proposition seems to be that plaintiff sold to mortgagee and transferred to it by delivery eight interest notes, and consequently, to that extent, plaintiff lost and mortgagee acquired by right of subrogation the first mortgage lien. If plaintiff lost and mortgagee acquired a portion of the first lien, the transaction must be justified in equity. *Seieroe v. Homan,* 50 Neb. 601. The solution of the problem depends upon the facts and circumstances and the intention of the parties. An absolute sale or assignment of interest notes secured by mortgage is a contract upon which the minds of the parties meet. In the present instance there was no writing or direct oral testimony evidencing a sale or assignment of the interest notes. In equity, payment by a subordinate mortgagee, to the holder of a prior mortgage, of the amount due on an interest note thereby secured and a surrender to the payer of the note unindorsed and uncanceled do not prove an absolute sale and transfer of the note, with the right of subrogation, where circumstances establish the contrary. When the mortgagor, maker of the interest notes, made default in the payment of interest, plaintiff was not acquainted with that fact, but it was known to mortgagee. When an instalment of interest matured, mortgagee mailed its check to plaintiff for the amount due without any comment as to the nature of the transaction. Upon receipt of a check for interest, plaintiff sent the matured note uncanceled

and unindorsed to mortgagee without any statement indicating his purpose in doing so. This was the course pursued in regard to each of the eight interest notes. Plaintiff did not know that the interest which he received came directly from mortgagee, and not from mortgagor, until the former went into the hands of a receiver. He had purchased the 6,500-dollar bond and the interest notes on recommendation of mortgagee, the payee named therein. He did not agree to make mortgagee his agent, but he sent the interest notes to it because the checks to pay them came from that source. The eight notes bore 10 per cent. interest from maturity. If plaintiff sold them and transferred them by absolute assignment, thereby parting with a proportionate share of his first lien, the incumbrance of the first mortgage increased as 10 per cent. interest on the matured notes accumulated. Acceptance of interest with that result would divide the security for the principal bond to the disadvantage of plaintiff. In ordinary business transactions payment and acceptance of interest as the instalments mature do not increase the debt. It is fair to infer that plaintiff, by cashing the checks for interest and by surrendering the notes therefor without comment, did not intend to part with a portion of his security for the unpaid principal. Mortgagee's payments of interest without disclosing any default of mortgagor prevented plaintiff from then foreclosing his mortgage pursuant to its terms. The proper inference from the circumstances shown without dispute is that in equity mortgagee did not acquire a lien equal in rank to the first mortgage or the right of subrogation pleaded.

From the conclusion reached, however, it does not follow that mortgagee, as against mortgagor, is not entitled to a lien on the latter's land. As already explained, the instalments of interest were debts of mortgagor which he failed to pay and which mortgagee involuntarily paid to protect subordinate liens.

The judgment of the district court is modified to allow the receiver of the Clarke-Buchanan Company, mortgagee, a lien for $1,691.90, and a lien for $286.22 subordinate to the first, second and third mortgages, and is thus affirmed.

AFFIRMED AS MODIFIED.