CRAWFORD STATE BANK, APPELLEE, v. CHRISTENA C. MC-
EWEN ET AL., APPELLANTS: INTERNATIONAL HARVESTER
COMPANY, APPELLEE.

272 N. W. 226

FILED MARCH 23, 1937.  No. 29790.

*Fisher & Fisher* and *Greydon L. Nichols*, for appellants.

*Porter & Skaggs, E. D. Crites* and *F. A. Crites, contra.*

Heard before Goss, C. J., Good, Eberly, Day, Paine and Carter, JJ., and Raper, District Judge.

Eberly, J.

This action, commenced on May 28, 1932, is based upon a petition in equity containing two causes of action for the foreclosure of real estate mortgages.

The first cause of action alleges that on April 15, 1931, the defendant Christena C. McEwen was the owner in fee simple of lots 1, 2, 3, 4, and 5, and the S.E.¼ of the N.W.¼, and the S.½ of the N.E.¼, and the S.E.¼ of section 6, all in township 30 north, range 49 west of the

6th P. M. in Dawes county, Nebraska; that on said day, for "valuable consideration," she made and delivered her promissory note for $3,500, bearing said date, due and payable one year thereafter to the order of the Crawford State Bank, Crawford, Nebraska, with interest at 8 per cent. per annum from said date until paid. To secure the payment of said note, on the same day, she executed and delivered to the Crawford State Bank her mortgage deed mortgaging to said bank the premises above described. This real estate mortgage was expressly "subject to Federal Farm Loan in amount of $3,000, with unpaid balance of $2,800," and contained, among others, the following covenants and agreements on part of the mortgagor:

"And shall pay all taxes and any interest on, or maturing instalments of principal, due on any prior mortgage and assessments levied upon said real estate and all other taxes, levies and assessments levied upon this mortgage or the note which this mortgage is given to secure, before the same becomes delinquent. * * * It is further agreed (1) that if the said mortgagor shall fail to pay such taxes and such interest on, or maturing instalments of principal, due on any prior mortgage * * * then this mortgagee may pay such taxes and such interest on, or maturing instalments of principal, due on such prior mortgage * * * and the sum so advanced with interest at ten per cent. shall be paid by said mortgagor, and this mortgage shall stand as security for the same. (2) That a failure to pay any of said money, either principal or interest on this or any prior mortgage, when the same becomes due or a failure to comply with any of the foregoing agreements, shall cause the whole sum of money herein secured to become due and collectible at once at the option of the mortgagee. It is further agreed that said mortgagee, pending foreclosure of this mortgage and after decree and pending stay thereon or appeal therefrom and pending sale of premises mortgaged, may pay such taxes and maturing interest or maturing instalments of principal, on prior mortgages, * * * and such sums shall be added to the amount due on decree and upon confirmation

of sale by the court ordered taken out of proceeds of sale; or if redeemed during stay, appeal or sale, such amounts shall be collected the same as though it were a part of such decree."

And plaintiff further pleaded that no action at law had been instituted upon the indebtedness secured thereby, a breach of the conditions thereof, the amount due and unpaid thereon, and prayed for a foreclosure and sale of the mortgaged premises to satisfy the amount so adjudged to be due.

The second cause of action set forth in this petition alleged that on June 17, 1926, Frank A. McEwen and defendant Christena C. McEwen, husband and wife, for a valuable consideration, made and delivered to the Federal Land Bank of Omaha, Nebraska, their promissory note for $3,000, with interest, payable in 71 semiannual equal payments on the amortization plan; that simultaneously therewith said Frank A. McEwen and his wife, defendant herein, executed and delivered to the said Federal Land Bank of Omaha, Nebraska, their mortgage deed, thereby mortgaging to that bank the premises hereinbefore described to secure the payment of the promissory note last referred to; that the conditions of this mortgage were also alleged, and further set forth, as a breach of such conditions, "that the semiannual instalments of interest and amortization instalments on the principal of said indebtedness maturing on the first day of March, 1932, and on the first day of September, 1932, being amortization instalments numbers 11 and 12, each in the sum of $93.75, having duly matured, and the taxes levied and assessed for the year 1931 against said land were not paid by said mortgagors or their heirs or assigns as provided in said mortgage, but were suffered and permitted to become delinquent, in consequence of which the said Federal Land Bank of Omaha, Nebraska, did pay said taxes amounting to $121.50," and that thereupon this plaintiff, to protect its security, paid said Federal Land Bank the instalments numbered 11 and 12, and the taxes of $121.50, with lawful interest. The plaintiff, Crawford

State Bank, prayed for a decree subrogating it to the rights of the Federal Land Bank of Omaha in and to such bank's mortgage, and, subject to the rights of the Federal Land Bank of Omaha, the foreclosure thereof for the satisfaction of these instalments.

To this pleading all of the defendants filed answers setting forth special defenses, but all of which contained general denials.

To the new matter set forth in the answers, the plaintiff filed a reply, in effect a general denial.

The facts disclosed by the record are that, at the time of the mortgage to the Federal Land Bank of Omaha on the premises herein described, the title to the real estate was vested in "Frank A. McEwen and Christena C. McEwen" as "joint title owners" thereof. But sometime before April 15, 1931, Frank A. McEwen died intestate, a resident of Dawes county, Nebraska, leaving surviving him his sons and daughters, following: Elmer McEwen and Ethel Nixon, nee McEwen, who had attained their respective majorities, and Calvin E. McEwen and Isobelle P. McEwen, minors, and whose minority had not terminated at the time of this trial. The estate of Frank A. McEwen has never been administered. The homestead of Frank A. McEwen and Christena C. McEwen was located on the mortgaged premises at the time of the former's death, and continued and was the home of the family until the time of the trial. Said defendant Christena C. McEwen was the owner in fee simple of an undivided one-half interest in the premises hereinbefore described, and on the death of her husband Frank A. McEwen intestate, on February 8, 1931, by inheritance she acquired title from him to an undivided one-third of his interest in the premises so herein described; and, also, though the mortgage set forth as the first cause of action was executed in good faith, she was actually the owner of an undivided two-thirds interest in the lands so mortgaged. The rights of intervening defendant and cross-petitioner, the International Harvester Company, are predicated upon a judgment made and entered in the county

court of Dawes county, Nebraska, on August 23, 1932, for the sum of $347.50, in favor of the International Harvester Company and against the defendant Christena C. McEwen and Elmer McEwen, a certified transcript of which was filed in the district court for Dawes county on August 23, 1932.

There was a trial to the court upon the issues made by the pleadings, upon the conclusion of which the court found, in substance, for plaintiff and against Christena C. McEwen on the first cause of action; found that defendant and Frank A. McEwen on June 17, 1926, made mortgage to Federal Land Bank as joint owners on described land, each of their undivided moiety to secure $3,000 in 71 semi-annual instalments; that he died intestate on February 8, 1931, in said county; that heirs are defendants McEwen and Ethel Nixon; that his estate has never been administered, nor his property assets distributed nor assigned to the several heirs; that Christena C. McEwen executed mortgage dated April 15, 1931, and duly recorded; that she never acquired the interest of children of Frank A. McEwen, owners of undivided one-third of said land, but she is owner of two-thirds of said land, subject to mortgage of the land bank, and her mortgage debt under first cause of action is $4,666.67 with 8 per cent. per annum interest but not a lien on the other defendants' one-third interest.

The court also found in favor of plaintiff against all defendants on cause of action for assigned instalments and taxes under the land bank mortgage whereon is now due $351.10 with 8 per cent. interest per annum; found there is due International Harvester Company judgment against Christena C. McEwen and Elmer McEwen for $442.10 and costs, which is a third lien against their undivided interests, with order of sale and order of distribution regardless of homestead exemption to judgment creditor.

From the order of the trial court overruling their respective motions for new trial, Christena C. McEwen, Elmer McEwen, Calvin E. McEwen and Isobelle P. McEwen, severally appeal.

The appellants challenge the validity of the note and mortgage set forth as the first cause of action, on the ground that it is without consideration. This claim cannot be sustained. The evidence discloses that for a considerable period prior to his death Frank A. McEwen had been suffering from the effects of a "stroke." Previous to the commencement of this affliction, the business of the family was carried on upon the premises described, which were owned by the husband and wife "in equal shares," by both of them. It appears that over a period of time they had borrowed various sums of money from the institution of which plaintiff was the successor, and also from plaintiff. Sometimes these loans were made upon notes signed by the husband, sometimes on notes signed by the wife, and sometimes on notes signed by both. When Frank A. McEwen became incapacitated by reason of the "stroke" to transact business, the defendant Christena C. McEwen renewed these obligations in her own name, extending the maturities thereof, and the notes thus renewed were canceled by the bank and surrendered to and accepted by her. After the death of her husband, the obligations so contracted were merged into the note and mortgage set forth as the first cause of action. Thus, the history of the transactions reveals ample consideration for the obligations in suit.

"The consideration sufficient to support a promise may be a detriment suffered by the promisee in reliance upon the promise, as well as a benefit accruing to the promisor." *Henry v. Dussell,* 71 Neb. 691, 99 N. W. 484. See, also, *Mack v. Mack,* 87 Neb. 819, 128 N. W. 527; *Faulkner v. Gilbert,* 57 Neb. 544, 77 N. W. 1072.

Appellants further challenge the foreclosure proceedings for the reason that Frank A. McEwen died intestate, and no administration of his estate has ever been had in a county court having jurisdiction of the same. In support of this contention, they cite *Sutherland v. Harrison,* 86 Ill. 363, and *Schade v. Connor,* 84 Neb. 51, 120 N. W. 1012. Neither case may be applied to the situation before us here. The *Sutherland* case proceeded on the theory that, "In the

administration of assets (of a decedent) the personal estate is the natural and primary fund for the payment of debts and legacies," etc. This court refused to follow the doctrine of that case as applied to the facts presented in *Smullin v. Wharton*, 86 Neb. 553, 568, 125 N. W. 1112, and likewise it is wholly inapplicable to the facts alleged in defendants' pleadings and established by their testimony in the instant case. In *Schade v. Connor, supra,* we held: "Where in a foreclosure suit brought against a devisee and the heirs of a deceased purchaser of the mortgaged premises, who is personally liable for the payment of the mortgage debt, it appears from the cross-petition of the devisee that the executor of the will, who is also the residuary legatee, has received personal property belonging to the estate of the testator exceeding the amount of the lien sought to be enforced, such executor may be compelled to pay off and remove the mortgage lien."

In the instant case defendants' pleadings contain no allegations as to the amount and value of the personal property owned by Frank A. McEwen at the time of his death, nor that any of such property ever came into the possession of Christena C. McEwen, the mortgagor. Neither does any information as to these facts appear in the evidence.

Therefore, it is obvious that the disposition of the instant case is in no manner affected by the rule announced in *Schade v. Connor, supra.*

On the contrary, we have long been committed to the rule that, "Under our statute an action to foreclose a mortgage executed by the deceased in his lifetime * * * is not barred, as to the property which it covers, by a failure to present it to the (probate) court for allowance as a claim against the estate." *Null v. Jones,* 5 Neb. 500. See, also, *Jones v. Null,* 9 Neb. 57, 1 N. W. 867.

The mortgaged property is the primary fund for the payment of the decree of foreclosure, and not a mere surety. *Colby v. Place,* 11 Neb. 348, 9 N. W. 564. See, also, 11 R. C. L. 207, sec. 231.

A careful examination of the record fails to disclose any

evidence of fraud or duress on part of the bank in securing the execution of the note and mortgage set forth as plaintiff's first cause of action.

As to the legality of the acknowledgment, the evidence has been carefully examined, and is held insufficient to impeach the certificate of acknowledgment of the mortgage in controversy. *McGuire v. Wilson,* 5 Neb. (Unof.) 540, 99 N. W. 244; *Phillips v. Bishop,* 35 Neb. 487, 53 N. W. 375; *Rouse v. Witte,* 81 Neb. 368, 116 N. W. 43; *Coe v. Talcott,* 130 Neb. 32, 263 N. W. 596; *Young v. Duvall,* 109 U. S. 573, 3 Sup. Ct. Rep. 414.

As to the second cause of action, the execution and delivery of the note and mortgage to the Federal Land Bank of Omaha is admitted. The payment of the two amortization instalments, numbered 11 and 12, by the Crawford State Bank, after default of the mortgage, and for the purpose of protecting its own mortgage herein, is established by the evidence in the record. As to the payment of these two instalments, this bank, unquestionably, is within the rule, viz.: "The holder of a subordinate mortgage may pay a superior lien to protect his own lien and be subrogated to the rights of the prior encumbrancer to the extent of the payment, where equity requires such relief." *Allyn v. Dreher,* 124 Neb. 342, 246 N. W. 731. See, also, *First State Bank v. Niklasson,* 116 Neb. 713, 218 N. W. 744; *United States Trust Co. v. Miller,* 116 Neb. 25, 215 N. W. 462; *Meeker v. Larsen,* 65 Neb. 158, 90 N. W. 958.

Nor is the right to a foreclosure on the second cause of action dependent on the validity of the two "special receipts for semiannual amortization payments," executed by the Federal Land Bank of Omaha, Nebraska, evidencing payment of the same by the Crawford State Bank. The fact that the payment was actually made, and the relation of the parties thereto, and of their respective liens on the premises, is amply established in the record. This brings the matters involved within the scope of the rule, viz.: "As soon as the right to subrogation arises, equity makes the assignment, and hence the right of the person entitled

by no means depends on, or is affected by, the willingness or unwillingness of the creditor to transfer the security." 25 R. C. L. 1320, sec. 8.

Except as to the item of taxes, viz., $121.50 with interest as provided by law, alleged to have been paid by the Federal Land Bank of Omaha, the finding and judgment of the trial court in sustaining the first and second causes of action are, in all respects, approved. This item of taxes is challenged by appellants. A careful search of the record discloses that no competent evidence was introduced during the trial that the Federal Land Bank of Omaha paid any "taxes levied and assessed for the year 1931" against the mortgaged lands. It follows that the decree entered, to the extent it embodies the item of taxes paid, viz., $121.50 and interest thereon, is wholly unsupported by the evidence, is erroneous, and excessive.

However, if appellees shall, within 20 days, file a remittitur of the said sum of $121.50 with interest thereon at 8 per cent. per annum from June 3, 1932, the judgment so diminished will stand affirmed. Otherwise, the judgment will be reversed and the cause remanded for further proceedings in harmony with this opinion.

AFFIRMED ON CONDITION.