Jones v. Null.

REBECCA JONES AND OTHERS, PLAINTIFFS IN ERROR, V. WILLIAM NULL, DEFENDANT IN ERROR.

1. **Mortgage Foreclosure:** ESTATES OF DECEDENTS. A mortgagee, after the death of the mortgagor, may institute and maintain an action to foreclose the mortgage, and cannot be compelled to relinquish his lien, and share in the general assets of the estate.

2. **Judgment on default.** It is error to take judgment against a party failing to answer or demur to the petition without first entering a default; but, if the decree show that such party consented to the sum found due by the court, it will be error without prejudice.

ERROR to Gage county district court. The action there was to foreclose a mortgage executed by Samuel Jones to William Null. Rebecca Jones was the wife, and the other defendants were heirs of Samuel, who had died before the commencement of the action. The case came to this court, upon demurrer to the petition, at the January term, 1877, and is reported 5 Neb., 500. Having been remanded to the district court and tried upon issues joined, a decree was rendered by WEAVER, J., in favor of Null, which Rebecca and the other defendants seek to reverse by their petition in error.

*W. H. Ashby,* for plaintiff in error.

1. The district court had no jurisdiction of the subject of the action. The probate court has exclusive jurisdiction of the administration of estates. Gen. Stat., 264. All " claims and demands" must be presented and allowed by the probate court. Gen. Stat., 318. The note is the " claim " or " demand," the mortgage a mere incident. *Harp v. Callahan,* 46 Cal., 222. *Pitte v. Shipley,* Id., 154. *Sichel v. Carville,* 42

Id., 505.   *Willis v. Farley,* 24 Cal., 490.   *Vedder v. Vedder,* 1 Denio, 257.   *Ewing v. Griswold,* 43 Vt., 400. *Soule v. Benton,* 44 Vt., 309.   *Zachary v. Chambers,* 1 Oregon, 321.

2.   Personal estate is first to pay claims against the estate, and must be exhausted before real estate can be taken.   Gen. Stat., Chap. 17, §§ 67–72, 201, 248–250.   North's Probate Practice, 555.   Story's Equity, 571, 587.   7 Bac., Ab., 159.   *Lupton v. Lupton,* 2 Johns. Ch., 628.   *McKay v. Green,* 3 Id., 56.   *Mollan v. Griffith,* 3 Paige, Ch., 404.   *State v. Mason,* 21 Ind., 171.   *Clarke v. Henshaw,* 30 Ind., 144.   *Gould v. Winthrop,* 5 R. I., 319.   *Goodburn v. Stevens,* 1 Md., Ch., 420.

*Mason & Whedon,* for defendant in error.

1.   The plaintiffs in error were each properly served with summons, and a failure to enter a default against a person properly served is amendable in court below, and on appeal or error the amendment will be regarded as made.   *Shaw v. Binkard,* 10 Ind., 227. *Hull v. Green,* 26 Ind., 388.   *Warbritton v. Cameron,* 10 Ind., 302.

2.   It was not error to take the decree against all the defendants.   *Key v. Robinson,* 8 Ind., 368.   *Smith v. Carley,* Id., 451.

MAXWELL, CH. J.

The errors assigned in this case are:

*First.*   That the court had not jurisdiction of the subject of the action.

*Second.*   That the facts set forth in plaintiff's petition are not sufficient to constitute a cause of action.

*Third.*   That the record does not show that any of the parties to the action appeared, personally or by

Jones v. Null.

attorney, on the day of the rendition of the judgment.

*Fourth.* That it appears from the record that Jane Poole and Sarah Ann Drew were each in default of an answer, and that no default was taken against them.

*Fifth.* That the amount found due purports to have been so found by consent of the parties, when it appears from the record that a portion of the defendants were infants, and incapable of consenting, etc.

*Sixth.* That the record shows that the cause was in the hands of a referee to take proofs as to John Jones, and that the cause was still pending under the order of reference at the time of the rendition of the judgment.

Section 227 of chapter 17, Gen. Statutes, provides that "no action shall be commenced against the executor or administrator, except actions to recover the possession of real or personal property, *and actions for relief other than for the recovery of money only,* and such actions as are permitted by this chapter; nor shall any attachment or execution be issued against the estate of the deceased until the expiration of the time limited by the court for the payment of the debts, except in the actions mentioned in this section, and in the cases provided for in section two hundred and seventy-two."

Section 272 provides that " if the giving of notice for the examination and allowance of claims against the estate, before the judge or commissioners, shall in any case be omitted for the period of one year after the granting of letters testamentary, or of administration, no person having any contingent or other lawful claim against a deceased person shall be prevented from prosecuting the same against the executors, administrators, heirs, devisees, or legatees, as the same may be, who shall have received real or personal property from the estate; and in all cases a creditor hav-

ing a lien upon the real or personal estate of the deceased by judgment, execution, or attachment, previous to his death, may proceed to enforce such lien the same as if such death had not occurred."

It will be perceived that actions for relief, other than for the recovery of money only, are excepted from the operations of this act. Does an action for the foreclosure of a mortgage come within this designation? An action for the recovery of money only is one where it is sought to reduce a debt to judgment upon which an execution may issue and be levied upon any property of the defendant not exempt. An action to foreclose a mortgage is brought for the purpose of determining by the judgment of the court the amount due, and subjecting the lands mortgaged to the payment of the same. Such an action is not one for the recovery of money only, and clearly comes within the exceptions named. But were it otherwise, the power of the legislature to divest the lien of a mortgage and *compel* a creditor to release his security for the payment of his debt may well be questioned. If such power exist, the validity of a lien would depend altogether upon the life of the debtor, and the payment of the debt, in case of his death, upon the amount of assets belonging to the estate. A creditor might be compelled, in such case, to receive 10, 20, or whatever per cent might be declared payable out of the estate; or in case the property was exempt, he would receive nothing whatever. Such a law, if in existence, would clearly impair the obligations of contracts, and would be void. But our statute contains no such provision, and was not intended to prevent a party holding a mortgage from bringing an action to foreclose the same. The creditor may, however, if he see fit, file his claim against the estate and share in the general distribution of the assets, but he cannot be compelled to do so.

And the executor or administrator, if he desire to pay off the claims, may have the same presented and allowed against the estate, as provided in sections 224 and 225. There is no error, therefore, in the first objection.

The question of the sufficiency of the petition has already been before this court. *Null v. Jones*, 5 Neb., 500. And we adhere to our decision in that case.

As to the third objection, it nowhere appears in the record that a default was taken against Mary Jane Pool and Sarah Ann Drew. A decree was therefore improperly rendered against them, unless it is shown by the decree itself that they consented to its rendition. The decree is as follows:

"Now on this 8th day of November, A.D. 1877, this cause came on to be heard upon the amended petition filed herein, and the several answers of the defendants filed herein, and the replication of the said plaintiff to said several answers, and by consent and agreement of all the defendants in said cause the amount due upon said note and mortgage mentioned in plaintiff's petition is the sum of $4,300.00 and costs," etc.

It is evident that the defendants above named are not minors; they had filed no answer; but having consented to the amount found due in the decree, they are not in a position to urge the technical objection that no default was taken against them. In such a case the error, if it exist, is without prejudice. The decree also shows that it was rendered upon the pleadings and proofs submitted, the reason being, probably, that a portion of the defendants being minors, were incapable of consenting to a decree.

As to the objection that the guardian *ad litem* appeared for only a portion of the infant defendants, it is sufficient to say that the answer shows that he appeared for all.

As to the objection that the case was in the hands of the referee at the time of rendition of the decree, it is sufficient to say that the case was referred simply to take testimony; and, so far as appears, all the testimony had been taken, and the plaintiffs in error do not complain that they have been prevented from offering or introducing all the testimony they had in the case. It is clear that no error exists of which the plaintiffs in error can complain.    The decree of the court below is therefore affirmed.

DECREE AFFIRMED.