Powell v. Bennett.

Filed March 1, 1892.

---

No. 266.

POWELL v. BENNETT.

PARTNERSHIP.—*Accounting.*—*Equity.*—In an action by one partner against another to compel an accounting of the partnership affairs, which had been dissolved by mutual assent, issues were formed which were tried by the court, and there was a finding and decree of the court in favor of the plaintiff. The complaint did not show a final settlement of the partnership accounts, nor that there had been an account stated, nor did it state a cause of action for a certain amount of money which defendant had promised to pay.

*Held,* that the complaint was not good as stating an action at law, but because it showed grounds for an accounting, and that a court of equity having obtained jurisdiction of the matter would decree payment of the amount found due by the accounting.

SAME.—*Appellate Court.*—*Jurisdiction.*—*Equity.*—The Appellate Court has no jurisdiction of causes which were pending in the Supreme Court at the time the Appellate Court was organized, except in cases transferred to it by order of the Supreme Court, and the case at bar being a suit in equity could not have been included in such order.

From the Boone Circuit Court.

*T. J. Cason* and *T. W. Lockhart,* for appellant.

*C. W. Zion,* for appellee.

BLACK, J.—At the time of the organization of this court, this cause was pending in the Supreme Court, from which it was transferred by the clerk under the general order made in *Ex Parte Sweeney,* 126 Ind. 583.

The appellee's complaint alleged, in substance, that on the 28th of January, 1888, he entered into partnership with the appellant, for the purpose of carrying on a wholesale and retail liquor and tobacco business in the city of Lebanon, Indiana; that each partner contributed equally to the capital, and by the terms of the copartnership the parties were to share profits and bear losses and expenses equally; that they continued such partnership business until the first of December, 1888, when said partnership was dissolved by their mutual consent; that by the terms of the dissolution the appellant agreed to take the stock on hand at its appraised value, three hundred and fifteen dollars, and to collect the debts due said firm, and to pay all debts "due by said firm," and, on final settlement, to pay the appellee his full share of said firm's assets; that the appellant managed the financial affairs of said firm, bought the goods and merchandise, kept the books, and collected and paid out the cash, and had general supervision over the same; that at and after the time of said dissolution, pursuant to the contract of dissolution, the appellant proceeded to take, "and now holds," full possession of all the assets of said firm, and collected the debts due to said firm; but that he had wholly failed, refused and neglected to pay or distribute any part of the amount due to the appellee; that the profits of said business, during the term of said partnership, amounted to more than two thousand dollars, over and above all debts, expenses and liabilities; "that there are debts due to said firm upon the books thereof," or were at the time of said dissolution, to the amount of five hundred dollars, all of which went into the hands of the appellant; that all debts

VOL. 4.—8

and liabilities of said firm had been paid; that there remained in the hands of the appellant assets of said firm of the value of two thousand dollars; that the appellee had frequently requested and demanded of the appellant an accounting and statement of the assets of said firm, and that he be paid the amount found due him; but that the appellant had wholly failed, refused and neglected to make such accounting, or to pay over to the appellee any portion of said assets. "Wherefore, plaintiff prays that defendant be compelled to render an account to him in said matter, and ordered to pay over to said plaintiff any balance found in his hands due to said plaintiff, and all other proper relief."

Issues were formed, which were tried by the court without a jury. The court found for the appellee, that there was due him from the appellant on an accounting between the parties, including accounts collected up to the day of the trial, the sum of three hundred and fifty dollars; for which amount the court rendered judgment against the appellant.

The complaint does not show a final settlement of the partnership accounts, that there had been an account stated and a balance of a certain amount agreed upon; nor does it state a cause of action for a certain amount which appellant had expressly promised to pay.

The question as to the sufficiency of the complaint after verdict, and the question whether the court erred in overruling the appellant's motion for a new trial, are involved in the appeal.

If the complaint was good, it was not because it stated a cause of action at law, but because it showed ground for a suit for an accounting, wherein a court of equity, having obtained jurisdiction of the matter, would decree payment of the amount found due by the accounting. The remedy of accounting was granted by the court.

The statute creating this court and defining its juris-

diction and procedure, Acts of 1891, p. 39, sec. 1, provides that it shall have " exclusive jurisdiction of all appeals from the circuit, superior and criminal courts in * * * all cases for the recovery of money only where the amount in controversy does not exceed one thousand dollars," etc.

The final object of an action in which an accounting is a part of the relief, is the recovery of money. Equity takes jurisdiction because of the inadequacy of the remedy at law.

We can not take jurisdiction of any appeal which was pending in the Supreme Court at the time of the organization of this court, except in causes transferred to us by order of that court.

In *Ex parte Sweeney, supra,* it was held that suits in equity are not within the jurisdiction of this court. It would seem that it was not intended by the general order made in that case to direct the clerk to transfer this case. Therefore, the clerk will return the case to the docket of the Supreme Court.

Filed Jan. 20, 1892.