NATIONAL LIFE INSURANCE COMPANY, APPELLEE, V. MARY
FITZGERALD ET AL., APPELLANTS.

FILED APRIL 17, 1901.   No. 9,437.

1. **Action to Foreclose a Mortgage Not Suit for the Recovery of
   Money Only.** An action to foreclose a mortgage is not a suit
   to recover money only, and consequently is not within the pro-
   hibition of section 227, chapter 23, Compiled Statutes, 1899.

2. **Suit After Death of Mortgagee:** FILING OF CLAIM AGAINST ESTATE.
   A mortgagee may, after the death of the mortgagor, institute
   a suit to foreclose his mortgage, and the mere filing in the
   county court of the mortgage debt as a claim against the de-
   cedent's estate while the foreclosure suit is pending will not
   operate as a release or discharge of the mortgage.

3. **Right of Mortgagee Under Statute:** QUÆRE. Whether, under sec-
   tion 848 of the Code of Civil Procedure, a mortgagee is entitled
   to have his debt against the general estate of a deceased mort-
   gagor allowed in the county court while his foreclosure action
   is pending, *quære.*

4. **Foreclosure:** PERSONAL LIABILITY: DEFICIENCY JUDGMENT: REVIEW.
   A judgment fixing the personal liability of defendants in a fore-
   closure suit can only be reviewed after a deficiency judgment
   has been rendered.

APPEAL from the district court for Lancaster county.
Heard below before HOLMES, J. *Affirmed.*

*James Manahan,* for appellants.

*S. L. Geisthardt, contra.*

SULLIVAN, J.

This cause comes here by appeal from a decree fore-
closing a real estate mortgage given by John and Mary
Fitzgerald to secure the sum of $12,000 due from them
to the Clark & Leonard Investment Company.   John
Fitzgerald is now dead and his widow, Mary Fitzgerald,
is the administratrix of his estate.   The appellee, the
National Life Insurance Company, having succeeded to
the rights of the investment company, commenced this

suit to foreclose its mortgage after the death of Mr. Fitz-
gerald and while his estate was being administered in
the county court. Afterwards, but before the decree of
foreclosure was rendered, the evidence of the debt se-
cured by the mortgage was filed in the county court as
a claim against the Fitzgerald estate. Upon this claim
the court has not yet acted; it has neither been allowed
nor disallowed. Nevertheless, it is, on behalf of ap-
pellants, contended that what has been done amounts
in law to a waiver and abandonment of the mortgage.
The argument in support of this position is that the filing
of the claim was the assertion of a general lien which is
inconsistent with the existence of the special lien on a
part of the decedent's estate. Every mortgagee secures
by his contract a special lien on some part of his debtor's
property; and, speaking generally, a right to appropriate
the whole of such property, if necessary to satisfy his
claim. These rights continue during the debtor's life,
and they are not lost by his death. When the debtor
dies, the creditor's remedy for the enforcement of un-
secured claims is altered; but his contract rights remain
the same as before. He may still enforce his specific
lien without forfeiting his right to share with other cred-
itors in the general assets in the hands of the executor
or administrator. It may be that the plaintiff could not,
in view of the provisions of section 848 of the Code of
Civil Procedure, enforce his claim in the county court
during the pendency of the foreclosure suit; but that
question is not now before us and we express no opinion
in regard to it. By section 272 of chapter 23, Compiled
Statutes of 1899, it is provided that "in all cases a cred-
itor having a lien upon the real or personal estate of the
deceased by judgment, execution or attachment previous
to his death, may proceed to enforce said lien the same as
if such death had not occurred." Section 287 of the same
act declares that any creditor whose claim is secured by
mortgage or other lien may rely on his security, and shall
not be affected by any order of the county court settling

the accounts of an executor or administrator. It is further provided by section 227 of chapter 23 aforesaid: "No action shall be commenced against the executor or administrator except actions to recover the possession of real or personal property, and actions for relief other than for the recovery of money only, and such actions as are permitted in this chapter; nor shall any attachment or execution be issued against the estate of the deceased until the expiration of the time limited by the court for the payment of the debts, except in the actions mentioned in this section, and in the cases provided for in section two hundred and seventy-two of this chapter." An action to foreclose a mortgage is not a suit for the recovery of money only (*Jones v. Null*, 9 Nebr., 57), and consequently it is not within the prohibition of this section. *Null v. Jones*, 5 Nebr., 500, 9 Nebr., 60.

Considering together the various provisions of chapter 23, *supra*, it is quite apparent that the right of a mortgagee to foreclose his mortgage is not affected in any way by the death of the mortgagor; and it is equally clear that the legislature did not intend that the filing in the county court of a claim secured by mortgage or other lien on the debtor's property should work a forfeiture of the security. The following authorities bear upon the question and tend directly or inferentially to sustain the conclusion we have reached: *Meehan v. First Nat. Bank*, 44 Nebr., 213; *State v. Nebraska Savings Bank*, 40 Nebr., 342; *Andrews v. Morse*, 51 Kan., 30; *Kohli v. Hall*, 141 Ind., 411; *Simms v. Richardson*, 32 Ark., 297; Jones, Mortgages, sec. 1218; 5 Am. & Eng. Ency of Law [1st ed.], 213; 8 Am. & Eng. Ency. Law [2d ed.], 1069. The authorities cited by counsel for appellant (*Libby v. Cushman*, 29 Me., 429; *Whitney v. Farrar*, 51 Me., 418; *Evans v. Warren*, 122 Mass., 303; *Buck v. Ingersoll*, 11 Met. [Mass.], 226), to the effect that a mortgagee may waive his lien and will, under some circumstances, be held to have waived it by his conduct, are not, we think, applicable to the facts of this case. The plaintiff did not

actually intend to abandon his lien, and he has done no act which is inconsistent with the existence of the right to enforce it. His position is as logical now as it would have been had he brought a foreclosure suit against Fitzgerald in his lifetime and afterwards sued him to recover a personal judgment on the mortgage debt.

Complaint is made of a provision in the decree fixing the liability of the administratrix for a possible deficiency. This, it would seem, is a matter belonging exclusively to the county court. But this part of the decree is not a final adjudication, and is not appealable. It can only be reviewed after a deficiency judgment has been rendered. *Millard v. Parsell,* 57 Nebr., 178; *Parmele v. Schroeder,* 59 Nebr., 553, on rehearing, 61 Nebr., 553; *Morris v. Linton,* 61 Nebr., 537.

The decree, to the extent that it is final, is

AFFIRMED.