MORRIS GROSOVSKY v. LOUIS C. GOLDENBERG.[1]

June 6, 1902.

Nos. 13,060—(139).

**Parent and Child—Services of Minor.**

Where services are rendered to a third party by a minor residing with his father as a member of his family, an action may be maintained for the value of such services by the father, as guardian ad litem.

**Dismissal of Action.**

*Held* error to dismiss the action, after plaintiff rested, upon the ground that there was not evidence sufficient to support the allegations of the complaint.

Appeal by plaintiff from an order of the municipal court of St. Paul, Orr, J., denying a motion for a new trial.   Reversed.

*Herbert P. Keller*, for appellant.

*John B. & E. P. Sanborn*, for respondent.

LEWIS, J.

Morris Grosovsky, a minor, brought this action by Samuel Grosovsky, his father, as guardian ad litem, for recovery of wages claimed earned and due him from respondent, and alleged to be worth the reasonable sum of $252.

The answer states that the father and son entered into an arrangement with respondent whereby the boy was to give his services for the period of six months in consideration of the opportunity of learning the furrier business in respondent's store. The son was called as a witness in his own behalf, and testified that his father went with him to see and talk over with respondent an arrangement for his learning the furrier trade, that it was agreed he should be paid the worth of his services, that he had

[1] Reported in 90 N. W. 782.

worked for respondent during all the time mentioned in the complaint, and that altogether he had only received $12. He also stated that a contract had been made by his uncle, but there was no evidence as to what that contract was. After other testimony was received with reference to the value of the boy's services, appellant rested, whereupon respondent moved to dismiss the case upon the ground that appellant had failed to show any cause of action in himself as against respondent, because it appeared that he was but eighteen years of age; that he had a father living, with whom he resided; and that he had no contract whatever with respondent, and therefore could not recover in his own name. The motion was granted, and appeal is taken from an order denying appellant's motion for a new trial.

The order appealed from must be reversed for the reason that when appellant rested there was evidence tending to show that the boy had worked for respondent during the time stated, that respondent had agreed to pay him the worth of his services, and that he had not paid him the amount proven to be their value. The point relied upon by respondent is that the action cannot be maintained by the father, as guardian ad litem, for the reason that the evidence shows that the contract, whatever it may have been, was made by the father for the son, who lived with him, and therefore the action could only be maintained by him in his own name.

The objection to the capacity in which the father appears in this action is not well taken. It is immaterial whether he sues directly as the father, or as guardian ad litem, for he is bound by the result. Having consented to appear as guardian ad litem, a judgment in this case would be a bar to another action in his own name as father. A different question would be presented had the minor appeared by another person than his father.

The motion to dismiss should have been denied.

Order reversed.