Schade v. Connor.

---

CLAUS SCHADE, APPELLEE, v. DUNCAN CONNOR ET AL., APPELLANTS.

FILED APRIL 13, 1909.    No. 15,649.

1. **Executors and Administrators: DEBTS: PAYMENT.** The personal estate of a deceased person is primarily liable for all debts created or personally assumed by him, whether secured by mortgage on his real estate or not, and his heirs and devisees have the right to require his executor, who is also his residuary legatee, to pay such debts out of the personal estate. *Patrick v. Patrick*, 72 Neb. 454.

2. ————: **MORTGAGES: PAYMENT.** Where in a foreclosure suit brought against a devisee and the heirs of a deceased purchaser of the mortgaged premises, who is personally liable for the payment of the mortgage debt, it appears from the cross-petition of the devisee that the executor of the will, who is also the residuary legatee, has received personal property belonging to the estate of the testator exceeding the amount of the lien sought to be

enforced, such executor may be compelled to pay off and remove the mortgage lien.

3. ———: ———: ———. The right to enforce such payment is not barred by reason of the failure of the mortgagee to file a claim against the estate of the deceased purchaser for the payment of the mortgage debt.

4. **Infants**: GUARDIAN AD LITEM: PLEADING. A guardian *ad litem* appointed by the court to protect the rights of an infant defendant should file a general denial, and, in case the proper protection of the rights of his ward requires it, he may take such affirmative action by filing a cross-petition, or other pleading, as may be necessary for that purpose.

5. **Mortgage Foreclosure**: PARTIES. One charged with the duty of paying off and discharging a mortgage on real estate may, on application of the owner of the land, be made a party to the foreclosure suit, and be compelled to pay off the mortgage debt and relieve the real estate of the mortgage lien.

APPEAL from the district court for Howard county: JAMES N. PAUL, JUDGE. *Reversed.*

*Harrison & Prince,* for appellants.

*W. H. Thompson* and *T. T. Bell, contra.*

BARNES, J.

This action was commenced in the district court to foreclose a mortgage on the northeast quarter of section 35, township 15 north of range 11 west, situated in Howard county. The petition discloses that on the 14th day of January, 1899, one Duncan Connor, who was then the owner of the land above described, and his wife, Mary, executed and delivered a mortgage thereon to the plaintiff for the purpose of securing the payment of a promissory note for $700 due the 14th day of January, 1904; that after making the mortgage they sold and conveyed the land to one Sarah Kerr, who, as a part of the purchase price, assumed and agreed to pay the mortgage debt; that in the month of December, 1903, Sarah Kerr departed this life, leaving certain real and personal property which was disposed of by her last will and testament, and

by which she devised the mortgaged premises to her minor grandson, David W. Kerr, who was then about four years of age; that her son James Kerr was designated by her will as the executor of her estate; that the will was duly admitted to probate and James Kerr was appointed as executor; that he entered upon and performed the duties of his said trust until the close of the administration of the estate; that no claim for the amount due on the mortgage was ever filed in the county court of Howard county or allowed against said estate; that the executor had been discharged, and that David W. Kerr, who is a minor, was the owner in fee of the land in question. He was therefore made a party defendant, and plaintiff prayed for a receiver to take charge of the mortgaged premises, to collect the rents and profits thereof, and apply them to the payment of the amount found due upon the mortgage, and for a decree of foreclosure.

It appears that one Frank J. Taylor was appointed guardian *ad litem* for the minor defendant, and in due time filed an application to have James Kerr made a party to the action, which was accordingly done. The guardian thereupon filed an answer, and a cross-petition against the defendant James Kerr, setting forth, among other things, that by assuming and agreeing to pay the mortgage debt, Sarah Kerr became personally liable therefor; that by the terms of her will provision was made for the payment of her just debts, after which the rest and residue of her estate, both real and personal, was devised and bequeathed to James Kerr; that he was thus made her residuary legatee, and was thereby charged with, and became liable for, the payment of the mortgage debt; that during his administration of the estate, and afterwards, he recognized his liability for its payment and his duty to pay off and discharge said mortgage by paying the interest and a part of the principal thereof, which sums so paid by him were credited on said note and mortgage; that he failed to disclose said facts, and to report his liability thereon to the county court of Howard county,

and concealed the same from the knowledge of said court,
and thereby procured his discharge from his said trust;
that he afterwards refused to pay off said mortgage debt,
and, although as residuary legatee he had received more
than $1,000 worth of personal property of the said estate,
after the payment of all of the other debts of the testator,
he still refused to pay the said mortgage debt, and left
the same a charge upon and against the real estate be-
queathed to the minor defendant, David W. Kerr. The
cross-petition concluded with a prayer that the defendant
James Kerr be declared liable for the payment of the
amount found due on the mortgage, and that judgment
be rendered against him therefor.·

A demurrer was interposed to the cross-petition based
upon the following grounds: "(1) That the court has no
jurisdiction of the action. (2) That there is a defect of
parties plaintiff. (3) That said answer does not state
facts sufficient to constitute a cause of action. (4) That
said Frank J. Taylor, guardian *ad litem* for the said
David W. Kerr, has no legal capacity to sue or prosecute
this action. (5) That the cause of action stated shows
on the face of the pleading to have been barred by the
statute of limitations, as no claim was filed therefor in
the county court as provided by law, or otherwise, in the
probate of the estate of the said Sarah Kerr." The dis-
trict court sustained the demurrer, dismissed the action
as to James Kerr, found that $592 was the amount due
on the mortgage, appointed a receiver, entered a decree
of foreclosure as prayed for in the plaintiff's petition,
and the guardian *ad litem* has brought the case here by
appeal.

His first contention is that the facts pleaded in his
cross-petition and admitted by the demurrer were suffi-
cient to require the district court under its equity power
to hear, adjust and determine the rights and liabilities of
all of the parties to the transaction, including the liabil-
ity of James Kerr for the payment of the mortgage debt,
and require him to pay the same. The first question to be

decided is: Did the testator, Sarah Kerr, under the un-
disputed facts of this case, become personally liable for
the payment of the mortgage debt? In *Rockwell v. Blair
Savings Bank,* 31 Neb. 128, it appeared that one Tebury
bought the mortgaged premises of the Rockwells for
$2,500; that he only paid $300 thereof, and for the bal-
ance of the purchase price he assumed and agreed to pay
the mortgage. It was held that he thereby made the
mortgage debt his own and was personally liable to the
Rockwells for the amount of the deficiency remaining
after foreclosure and the sale of the mortgaged premises.
The same doctrine was announced in *Cooper v. Foss,* 15
Neb. 515, and has been declared by numerous other cases
decided by this court. It follows that under the facts
disclosed by the pleadings in this case Sarah Kerr, at the
time of her death, was personally liable for the amount
due plaintiff on his mortgage, and a personal judgment
could have been rendered against her therefor. We are
therefore of opinion that it was the duty of the executor
in this case to pay off and discharge the mortgage in ques-
tion. *Beard's Appeal,* 78 Conn. 481; *Turner v. Laird,* 68
Conn. 198; *Sutherland v. Harrison,* 86 Ill. 363; *Jones v.
Null,* 9 Neb. 57.

Again, James Kerr was the residuary legatee of the
estate of which he was executor, and he took the property
of his testator charged by the terms of her will with the
payment of her debts. When he took over the property
and secured his discharge as executor, he made himself
personally liable for the payment of the mortgage debt,
and equity will not now permit him to deny his liability
therefor, for "equity considers that done which should
be done." *Sutherland v. Harrison, supra,* was a case
brought to foreclose a vendor's lien upon certain real
estate situated in the city of Chicago. It appears that
Sutherland, by contract, purchased the land in question
of one Samuel Smith. The purchase price being $2,000,
payable on January 18, 1873, with interest at 6 per cent.
per annum, payable semiannually. No payment of the

principal was made, but the interest was paid to December 18, 1870. Sutherland died in 1868 intestate, leaving a widow, but no children. His widow, his brother and the children of two brothers, who died before his death, were his only heirs. Sutherland's estate was administered upon, his widow and one Page being administrators. They filed their final account in 1871, and, all the debts proved having been paid, an order of distribution was then made, giving the widow, as heir, the whole of the personal property, and discharging the administrators. In 1871 the land was partitioned, and in December, 1875, the legal representatives of Smith, then deceased, filed their petition against the heirs of Sutherland, and prayed that they be ordered to pay the amount due upon the contract upon delivery of the deed, and upon default thereof that the contract be annulled. The other heirs filed a cross-bill, praying that the widow be required to satisfy the amount due on the contract, and that the surplus personal estate received by her might be marshaled to the payment of such indebtedness. On the issues thus joined it was held that the personal estate of a deceased person is primarily liable for all debts created by him, whether secured by mortgage on his real estate or not; that his heirs and devisees have the right to compel the payment of a mortgage out of such personal estate, and thereby relieve the real estate of the lien; that where a person files a bill to enforce his vendor's lien upon real estate against the heirs of a purchaser, and it appears that upon the settlement of the estate of the purchaser his widow has received, as his heir, her special allowance given her as widow, all of the personal property and one-half of the real estate, including that upon which the lien is sought to be enforced, and the amount of the personal property so received by her exceeds the amount of the lien, she will, as between her and the other heirs of th purchaser, be compelled to pay off and remove said lien without contribution from them. In the opinion it was said: "It is a well-established principle that in the

administration of assets the personal estate is the natural and primary fund for the payment of debts and legacies, and, as a general rule, must first be exhausted before the real estate can be made liable; and it will not be exonerated by a charge on the real estate, unless there be express words, or a plain .intent, in the will to make such exoneration"—citing *Clinefelter v. Ayers,* 16 Ill. 329; *Harris v. Douglas,* 64 Ill. 466. This rule we find to be supported by *Beard's Appeal, supra; McGonigal v. Colter,* 32 Wis. 614; *Blinn v. McDonald,* 38 S. W. (Tex. Civ. App.) 384; *Byrd v. Ellis,* 35 S. W. (Tex. Civ. App.) 1070; *Allen v. Conklin,* 112 Mich. 74.

Indeed, this general principle does not seem to be seriously questioned by counsel for the appellee, but it is earnestly contended by him that the debt in question is a claim against the estate of Sarah Kerr; that, because it was not filed and allowed by the county court of Howard county during the process of administration, it is now barred by the statute of limitations, and no action can be maintained against the executor and residuary legatee thereon. We think this contention is beside the mark. It is true that the mortgage debt was, in a way, a claim which might have been filed against the estate, but the mortgagee was not required to pursue that remedy. *Null v. Jones,* 5 Neb. 500, and *Jones v. Null,* 9 Neb. 57. The claim was not so presented, and the filing of the cross-petition herein is not the presentation of the claim against the estate. It constitutes a proceeding in equity to enforce the liability incurred by the executor and residuary legatee by his failure and neglect to pay off and discharge the mortgage in question. Having by his conduct made the claim his personal debt, equity will require the executor and residuary legatee to pay off and discharge the mortgage for the benefit of the owner of the fee of the real estate, and the action is not barred by the statute of limitations. *Patrick v. Patrick,* 72 Neb. 454.

It is further contended that the district court had no jurisdiction of the subject matter of the action set out in

the cross-petition. We think this contention is fully answered by *Sutherland v. Harrison, supra,* and *Beard's Appeal, supra,* where like cross-actions were maintained.

It is also contended that the guardian *ad litem* of David W. Kerr has no legal capacity to prosecute this action. At common law infants were required to sue by guardian *ad litem,* but by the statute of Westminster they were authorized to sue by next friend in all actions, and this remedy was held to be cumulative, leaving it optional for the suit to be brought by guardian or next friend. In this country the procedure is governed by the statutes of the several states, and at the present time an infant plaintiff is usually represented by his next friend, but in some states an infant may sue by guardian *ad litem* as well as by next friend, while in others he must sue by guardian *ad litem. Grosovsky v. Goldenberg,* 86 Minn. 378. In respect to the representation of an infant plaintiff, there would seem to be little, if any, difference between the functions of a guardian *ad litem* and of a next friend. An infant-defendant, however, should always be represented by a guardian *ad litem* appointed for that purpose. Code, sec. 38.

Now, in the case at bar David W. Kerr was made a party defendant. Therefore it was necessary for the court to appoint a guardian *ad litem* for him to protect his interests in the litigation. We find that section 36 of the code provides that the action of an infant may be brought by his guardian or next friend, and the word "guardian" may be said to have been used by the lawmakers in its general and comprehensive sense, which would include a guardian *ad litem.* We think therefore it may be well said that the guardian *ad litem* appointed for an infant defendant, in addition to filing a general denial, would not only have the power, but it would be his duty, to take affirmative action and prosecute a cross-petition if it should be found necessary to do so for the protection of the interests of his ward. We are therefore of opinion that this contention is without merit.

Finally, it is submitted that James Kerr was not a necessary or proper party to the cause of action set forth in the plaintiff's petition; that the cross-petition of the guardian *ad litem* stated an independent cause of action with a prayer for a personal judgment against him, and therefore the demurrer was properly sustained. No authorities are cited and no argument is presented in support of this contention, and so we are required to decide the question as one of first impression. The action, as commenced by the plaintiff, was one in equity to foreclose a mortgage on real estate. The infant owner of the fee title was made a party defendant, and it was discovered by his guardian that it was the duty of the executor and residuary legatee to pay off and discharge the mortgage in question. As we have seen, the executor had made himself personally liable therefor, and we can see no good reason why he should not have been made a party to the action, and have been required, as a protection to the rights of the fee owner, to pay the amount found due thereon, and in default of such payment a personal judgment rendered against him therefor. Such a course would prevent all future and further litigation and the whole matter would be thus speedily and equitably determined.

For the foregoing reasons, we are of opinion that the demurrer to the cross-petition should have been overruled. The judgment of the trial court sustaining the demurrer and dismissing said petition is therefore reversed and the cause is remanded to the district court for further proceedings in harmony with this opinion.

REVERSED.