[File No. 5910.]

GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF NORTH DAKOTA, a Corporation, Appellant, v. HERMAN .A. WAHLIN and Ralph G. Taylor, Defendants. RALPH G. TAYLOR, Respondent.

(76 A.L.R. 1442, 237 N. W. 878.)

Opinion filed August 22, 1931.

*J. J. Mulready,* for appellant.
*Kvello & Adams* and *J. B. Adams,* for respondent.

JANSONIUS, Dist. J.    This action was brought to foreclose a real estate mortgage.

The facts are not in dispute and are substantially as follows:    In 1925 the defendant, Ralph G. Taylor, a resident of Wisconsin, purchased a half section of land in Sargent county which was subject to a mortgage to the plaintiff executed by the defendant Herman A. Wahlin, which mortgage Taylor later in writing assumed and agreed to pay.    Taylor defaulted and in 1930 an action was commenced to foreclose the mortgage, making both Wahlin and Taylor defendants.

Service was obtained by publication upon both defendants, they being nonresidents, and neither appeared.    Two affidavits for publication were filed prior to the publication of the summons.    One as to Taylor, alleging that the relief sought in this action consists wholly in excluding said defendant from any interest in or lien upon specific real property within the state of North Dakota; and the other as to Herman A. Wahlin, alleging that the relief sought in this action consists wholly or partly in excluding said defendant from any interest in or lien upon specific real property within the state of North Dakota, or in enforcing a lien in favor of the plaintiff upon the real property within the state.

The complaint is in the usual form for the foreclosure of a real estate mortgage and the relief demanded is the usual relief demanded in such an action.    The affidavit upon which the warrant of attachment was issued sets out: "that the defendant Taylor is a resident of Wisconsin; that he has real estate within the state of North Dakota upon which the plaintiff desires to obtain a lien; and that this affidavit is made for the purpose of establishing the plaintiff's right to the issuance of a warrant of attachment to levy said property."

Neither of the defendants having appeared or answered a default judgment was entered pursuant to the order of the court finding that there was due and unpaid upon the note and mortgage the sum of $9,844.40, besides costs and attorneys' fees.    It was then adjudged that the mortgaged premises be sold by the sheriff and that out of the proceeds he pay the necessary costs and the balance to the plaintiff or its attorney, and in case of a deficiency that the plaintiff have execution against the property of the defendant, Ralph G. Taylor, which

had been attached, for the amount yet remaining due after applying the proceeds of the sale of the mortgaged premises.

After the sale of the mortgaged premises there remained a deficiency of $2,271.72. Thereafter an execution was issued to the sheriff of Ransom county and a levy thereunder made upon the property of Ralph G. Taylor which had previously been attached. Before the date of sale the defendant Taylor appeared specially and objected to the jurisdiction of the court in so far as it was sought to reach the real property of the defendant Taylor. He asked that the attachment be dissolved and discharged, the deficiency judgment vacated and the execution issued thereon be set aside and cancelled. At a hearing of said matter the district court granted the motion and this appeal is from the order entered accordingly.

It. is the defendant Taylor's contention that a cause of action for the foreclosure of a real estate mortgage will not support the remedy by attachment under § 7537, Comp. Laws 1913; that, accordingly, the service of process being by publication, he making no appearance in the action, no money or deficiency judgment could be rendered to be satisfied out of the attached property. He also contends that the attachment proceedings were in contravention of § 8101, Comp. Laws 1913. It is the plaintiff's contention that the statutory action to foreclose a real estate mortgage is not an equitable action, but, on the contrary, is primarily an action at law and that the remedy by attachment is available in such an action; that § 8101, Comp. Laws 1913, limiting the remedies for the recovery of an indebtedness secured by a mortgage, pending the foreclosure thereof, refers to an independent proceeding and not to a provisional remedy such as attachment.

Section 7537, Comp. Laws 1913, authorizes the issuance of a warrant of attachment in an action on a contract or judgment *for the recovery of money only,* for the conversion of personal property, or for damages, whether arising out of contract or otherwise. It therefore follows that unless a foreclosure action is an action *for the recovery of money only,* an attachment does not lie.

The South Dakota statute until 1895 was identical with our statute both as to attachment and as to foreclosure by action. In 1895 the South Dakota law was amended. Thereafter in the case of Charles

Mix County Bank v. Calta, 45 S. D. 564, 189 N. W. 527, the court said:

"From the time of the adoption of the Code of Civil Procedure by the Seventh Legislative Assembly of Dakota (Laws 1867–68, p. 1) down to the enactment of chapter 67, S. Dak. Laws 1895, an attachment could not be issued in the equitable action of foreclosure; it could only be issued in an action arising on contract for the recovery of money only, or in an action for the wrongful conversion of personal property. Since 1895 an attachment has been permissible in any kind of action. . . ."

Just the reverse of this happened in New York. Under the New York statute, as it was prior to 1866, the court in the case of Corson v. Ball, 47 Barb. 452, held an attachment could issue in an equitable action. After the repeal of that statute and the enactment of the new one, which provided that an attachment may issue in an action *for the recovery of money only,*—exactly the same language contained in our statute—the court, in the case of Van Wyck v. Bauer, 9 Abb. Pr. N. S. 142, which was an action to foreclose a real estate mortgage, has this to say:

"The attachment in this case must be vacated: First, because this is not an action for the recovery of money only. The case of Corson v. Ball, 47 Barb. 453, was decided before the amendment of 1866, when the Code authorized an attachment in an action for the recovery of money, without the limitation that the action must, as is now provided, be for the recovery of money *only.* That case, therefore, is inapplicable to the statute as it now reads, and as this action seeks other relief, before there can be any judgment for money, it is not an action for the recovery of money *only,* and, therefore, an attachment cannot issue."

The phrase "for the recovery of money only" has been construed by the courts of other states as well as by this court under other provisions of the law. The supreme court of the state of Nebraska in the case of Jones v. Null, 9 Neb. 57, 1 N. W. 867, says:

"It will be perceived that actions for relief, other than for the recovery of money only, are excepted from the operations of this act. Does an action for the foreclosure of a mortgage come within this designation? An action for the recovery of money only is one where

it is sought to reduce a debt to judgment, upon which an execution may issue, and be levied upon the property of a defendant not exempt. An action to foreclose a mortgage is brought for the purpose of determining, by the judgment of the court, the amount due, and subjecting the lands mortgaged to the payment of the same. Such an action is not one for the recovery of money only, and clearly comes within the section named."

In the case of National L. Ins. Co. v. Fitzgerald, 61 Neb. 692, 85 N. W. 948, the court, following the decision in Jones v. Null, supra, said: "an action to foreclose a mortgage is not a suit for the recovery of money only. . . ." The supreme court of Indiana in Powell v. Bennett, 4 Ind. App. 112, 29 N. E. 926, construed the phrase "for the recovery of money only," in this language (quoting the syllabus):

"That under acts 1891, p. 39, § 1, conferring jurisdiction upon the appellate court of Indiana of 'all appeals, from the circuit, inferior, and criminal courts in all cases for the recovery of money only' etc., the appellate court has no jurisdiction of an appeal in a case where the remedy of an accounting between partners is petitioned for and granted, although the final object of the action is the recovery of money."

The phrase "for the recovery of money only" is used not only in § 7537, Comp. Laws 1913, limiting the issuance of attachment, but is also used in § 7608, Comp. Laws 1913, which prescribes by whom issues of law and fact are triable. The material part of the latter section reads as follows:

"An issue of fact in an action for the recovery of money only . . . must be tried by a jury, unless a jury trial is waived. . . . Every other issue is triable by the court. . . ."

This section has been construed several times by this court in chattel mortgage proceedings, in which it was held that the parties were not entitled to a jury trial for the reason that the action was not for the recovery of money only. See Gull River Lumber Co. v. Keefe, 6 Dak. 160, 41 N. W. 743; Avery Mfg. Co. v. Crumb, 14 N. D. 57, 103 N. W. 410; Gresens v. Martin, 27 N. D. 231, 145 N. W. 823. In the latter case Judge Bruce says: "An action for the foreclosure of a chattel mortgage is not an action for the recovery of money only. . . ." So far as the application of this section is concerned we

can see no difference between foreclosures of real estate and chattel mortgages. In neither case is the action for the recovery of money only. In this connection see also Schafer v. Olson, 50 N. D. 1, 132 N. W. 645; Mead v. First Nat. Bank, 24 N. D. 12, 138 N. W. 365. This court in a recent case, Security Nat. Bank v. Bothne, 56 N. D. 269, 217 N. W. 148, in an action by a judgment creditor to set aside a fraudulent conveyance, held that an attachment was improvidently issued, using this language:

"While the ultimate object of the suit is the satisfaction of the judgment, the suit is not for the recovery of money only, for a wrongful conversion of personal property, or for damages, and so does not fall within the purview of § 7537, Comp. Laws 1913."

Following the decisions considering and construing the phrase "for the recovery of money only," not only in North Dakota but in other states, we are constrained to hold that the writ of attachment in the case at bar was improvidently issued. Accordingly the district court was right in dissolving the attachment and vacating the judgment in so far as it adjudged a money judgment against the defendant Taylor and directed the enforcing of the writ of execution issued thereon.

This appeal being thus disposed of it is unnecessary for us to consider the second point raised by the appellant.

Order affirmed.

BURKE, and NUESSLE, JJ., and BUTTZ, and ENGLERT, Dist. JJ., concur.

Mr. Chief Justice CHRISTIANSON and Justices BURR and BIRDZELL, disqualified, did not participate, Honorable M. J. ENGLERT, Judge of the First Judicial District, Honorable C. W. BUTTZ, Judge of the Second Judicial District and Honorable FRED JANSONIUS, Judge of Fourth Judicial District, sitting in their stead.