[File No. 7242]

JOSEPH KOHLER and Mae Kohler, Appellants v. MARTIN L. COLE, Respondent.

(55 NW2d 589)

Opinion filed November 14, 1952

*William L. Paulson,* and *Philip L. Scherer,* for appellants.

*A. F. Greffenius,* for respondent.

CHRISTIANSON, J. This is an appeal from an order which set aside a warrant of attachment. The plaintiff brought this action under the declaratory judgment act (NDRC 1943, 32–23) to obtain a declaration of the rights of the plaintiffs and the defendant under a written contract for the sale of land. The complaint alleges the execution of the contract and the terms thereof, that certain payments have been made by the plaintiffs, that the defendant before the commencement of the action demanded

one-half of the 1951 crop contrary to said contract, and that under date of August 31, 1951, defendant attempted to repudiate the contract and "seeks to treat the relationship of the plaintiffs with him relative to the purchase of the land as merely a land and tenant relationship, and refused to recognize the contract for deed, and sale of said farm, and served notice on the plaintiffs of the termination of the rental contract, with a suggestion that they execute a new rental contract for the year 1952, all contrary to the provisions of said contract;" and that the defendant offered to return the down payment of $2,000.00 to the plaintiffs. That the plaintiffs have duly performed all the terms of the contract on their part and that they are willing to carry out all the terms of the contract. Plaintiffs pray judgment "that a declaratory judgment be entered, decreeing and adjudicating that the contract for deed, as herein set forth to the hereinbefore described premises be declared valid and binding upon the parties hereto. And for such other and further relief as to the court may seem just and equitable." And for their costs and disbursements.

The laws of this state provide:

"In an action on a contract or judgment for the recovery of money only, for the wrongful conversion of personal property, or for damages, whether arising out of contract or otherwise, the plaintiff, at or after the commencement thereof, may have the property of the defendant attached . . . ." NDRC 1943, 32–0801.

"At the time of applying for the warrant of attachment, the plaintiff shall file in the office of the clerk of the court in which the action is commenced:

"1. A verified complaint setting forth a proper cause of action for attachment in favor of the plaintiff and against the defendant.

2. An affidavit setting forth in substantially the language of the statute one or more of the grounds of attachment . . . .

3. An undertaking in accordance with section 32–0806." NDRC 1943, 32–0805.

"The clerk must require a written undertaking on the part of the plaintiff with sufficient surety to the effect that if the defend-

ant recovers judgment, or the attachment is set aside by the order of the court, the plaintiff will pay all costs that may be awarded to the defendant, and all damages which he may sustain by reason of the attachment, not exceeding the sum named in the undertaking, *which must be at least the amount of the claim specified in the warrant* and in no case less than two hundred fifty dollars." NDRC 1943, 32–0806. (Italics supplied)

"The warrant must recite briefly the statutory grounds of the attachment, but shall not set forth plaintiff's cause of action and must be directed to the sheriff of any county in which property of such defendant may be, and must require him to attach and safely keep all the property of such defendant within his county not exempt from execution, or so much thereof *as may be sufficient to satisfy the plaintiff's demand,* with costs and disbursements, *the amount of such demand to be stated in the warrant in conformity with the complaint,* unless the defendant delivers to him an undertaking in favor of the plaintiff with sufficient surety to the effect that he will pay any judgment which the plaintiff may obtain against him in the action," etc. NDRC 1943, 32–0807. (Italics supplied)

The complaint of the plaintiffs was verified by one of their attorneys. At the time of applying for the warrant of attachment, the plaintiff filed in the office of the clerk such verified complaint, also, an affidavit for attachment and a written undertaking.

The affidavit for attachment was signed and sworn to by one of the attorneys for the plaintiffs and states that the defendant is not a resident of the State of North Dakota but is a resident of the State of New Mexico; "that the plaintiffs are in danger of losing their claim by reason of the facts aforesaid unless a warrant of attachment may be allowed and issued against the property of the defendant according to the statute in such case made and provided." The undertaking for attachment recites that the plaintiffs and the surety on such attachment do "jointly and severally undertake, promise, and agree to and with the said defendant to the effect that if the defendant recovers judgment, the plaintiffs will pay all costs that may be awarded to the said defendant, and all damages which he may sustain by reason of

the said attachment, not exceeding the sum of Two Hundred Fifty and no/100 ($250.00) Dollars." The warrant of attachment (exclusive of the title and venue) reads as follows:

## "THE STATE OF NORTH DAKOTA TO THE SHERIFF OF BARNES COUNTY, GREETINGS:

"A verified Complaint in the above entitled action having been filed in the office of the Clerk of said Court, setting forth a proper cause for attachment in which the plaintiff demands judgment against the Defendant for a Declaratory Judgment upon a contract for the conveyance of real estate, together with costs of the action, and, an affidavit having been filed, stating that the claim upon which this action is commenced is founded upon a contract for a declaratory judgment for the conveyance of real estate, and that the Defendant, Martin L. Cole, is not a resident of this State, and that he is a resident of the City of Portales, Roosevelt County, New Mexico;

"And a sufficient bond having been filed in this Court and approved by the Clerk as required by law;

"Now, you are hereby commanded and required to attach and safely keep all the property of said defendant within your county, not exempt from execution; or so much thereof as may be sufficient to satisfy the plaintiff's demand above stated, together with costs and disbursements, unless the defendant give you security by the undertaking of at least two sufficient sureties, in an amount sufficient to satisfy said plaintiff's demand, besides costs, in which case you will take said undertaking, and when warrant shall be fully executed or discharged, you are required to return the same with your proceedings to this Court.

"WITNESS, THE HONORABLE John C. Pollock, Judge of the District Court, First Judicial District, Barnes County, State of North Dakota, and my hand and seal of said court, this 14 day of November, A.D., 1951.

*Elsie Lossau*
Clerk of said Court"

The warrant of attachment was delivered to the Sheriff of Barnes County who executed the same by filing a notice of levy which (exclusive of the title and venue) reads as follows: ·

"An action has been commenced by the above named plaintiffs against the above named defendant and a warrant of attachment issued therein, in which the plaintiffs' claim is for a declaratory judgment to effect a conveyance of real property from the defendant to the plaintiffs, together with costs of the action, and by virtue thereof, and of the statute in such case made and provided, I file this notice as a levy upon the following described real property situated in the County of Barnes, in said State, to-wit:

"The South one-half (S½) of Section Ten (10) and the Southwest Quarter (SW¼) of Section Eleven (11), both in Township One Hundred Thirty-nine (139), Range Fifty-six (56), Barnes County, North Dakota.

Dated at Valley City, North Dakota, this 14th day of November, 1951.

Hans Solheim
Sheriff of Barnes County, N. Dak."

Defendant's counsel moved that the warrant of attachment be set aside on the grounds, among others, that the complaint does not state facts sufficient to constitute a cause of action on a contract or a judgment for the recovery of money only; that the complaint does not state facts sufficient to constitute a cause of action for wrongful conversion of personal property, or for damages; that the complaint does not state facts sufficient to constitute a cause of action for which, and in which, a warrant of attachment may issue as provided by statute. The trial court granted the motion and made an order that the attachment be dissolved and set aside. Plaintiffs have appealed from such order.

The order must be affirmed. An attachment is a proceeding to take a defendant's property into legal custody to satisfy plaintiff's demand. The object of the proceeding is to hold property so taken for the payment of a judgment in the event plaintiff's demand is established and judgment rendered therefor in

his favor. 7 CJS p. 185. It is clear that under the above quoted provisions of the laws of North Dakota attachment is essentially a legal proceeding and is confined to actions for the recovery of money only. 7 CJS pp. 188, 196; Security Natl. Bank of Fargo v. Bothne, 56 ND 269, 217 NW 148; Grand Lodge of A.O.U.W. v. Wahlin, 61 ND 383, 237 NW 878, 76 ALR 1442. See, also, Smyth v. Mayer et al., 105 Misc 391, 174 NYS 197.

Security Natl. Bank of Fargo v. Bothne, supra, was an action brought to set aside certain transfers of real property alleged to have been fraudulently made. A warrant of attachment was issued and levy made upon the real property of the defendant. The defendant moved that the attachment be dissolved and set aside on the ground that the plaintiffs' alleged cause of action "gave rise to no right of attachment under the statute." This court held that the ground thus assigned was well taken and that the attachment should be dissolved and set aside. In the decision in the case this court said:

"The statute, Sec. 7537, Comp. Laws 1913 (now NDRC 1943, 32-0801), provides that a warrant of attachment may issue under certain circumstances 'in an action on a contract or judgment for the recovery of money only, for the wrongful conversion of personal property, or for damages, whether arising out of contract or otherwise.'

"This action is one for equitable relief. Its purpose is to avoid and set aside a fraudulent transfer to the end that the real property transferred shall be applied by the court in payment of the plaintiff's judgment. While the ultimate object of the suit is the satisfaction of the judgment, the suit is not for the recovery of money only, for a wrongful conversion of personal property, or for damages, and so does not fall within the purview of Sec. 7537, supra. The warrant of attachment was therefore improvidently issued." 56 ND at p. 271, 217 NW at p. 149.

Grand Lodge of A.O.U.W. v. Wahlin, supra, was an action to foreclose a mortgage on real property. A warrant of attachment was issued and levied upon certain real property. This

court held that under the laws of this state an attachment proceeding did not lie. The holding in the case is epitomized in the syllabus thus:

"An action for the foreclosure of a real estate mortgage is not one for the recovery of money only so as to support an attachment under Sec. 7537, Comp. Laws 1913 (now NDRC 1943, 32–0801), providing: 'In an action on a contract or judgment for the recovery of money only . . . the plaintiff at or after the commencement thereof may have the property of the defendant attached in the following cases . . . .' "

In the decision in the case the court said:

"Section 7537, Comp. Laws 1913 (now NDRC 1943, 32–0801), authorizes the issuance of a warrant of attachment in an action on a contract or judgment *for the recovery of money only,* for the conversion of personal property, or for damages, whether arising out of contract or otherwise. It therefore follows that, unless a foreclosure action is an action *for the recovery of money only,* an attachment does not lie. . . . 'An action for the recovery of money only is one where it is sought to reduce a debt to judgment, upon which an execution may issue, and be levied upon the property of a defendant not exempt.' " 61 ND at pp. 385–387, 237 NW at p. 879.

The warrant of attachment in question here was issued in an action for a declaration of the rights of the parties under a written contract. The only judgment that could be rendered in favor of the plaintiff was a declaratory judgment, that is, a judgment declaring the rights of the parties under such contract. Borchard Declaratory Judgments, 2nd ed, p. 25 et seq. This is not an action for the recovery of money and the complaint does not set forth a proper cause of action for attachment. NDRC 1943, 32–0805(1).

The order appealed from is affirmed.

MORRIS, C. J., SATHRE, GRIMSON and BURKE, JJ., concur.